BELVIDERE ELIZA TIPPETT and Husband *v.* HAMILTON JETT.

The first settlement between heirs or partners, by which a state of *indivision* is terminated, is, in substance, a partition.

In all actions of rescission, the party seeking relief must have offered to restore his adversary to the situation he was in before the contract.

An action for the nullity or rescission of partitions, is prescribed by five years. C. C. 3507.

APPEAL from the District Court of Rapides, *Lewis,* J.

The plaintiff Belvidere Eliza Tippett, assisted by her husband, presented a petition, representing that Elizabeth, the wife of Hamilton Jett, died some years previously, intestate; that at the time of and prior to her marriage, she was the owner of a tract of land in the parish of Concordia, which was, subsequently, sold by herself and husband to one Hunt, for $1800; and that the amount was received by the defendant, and applied to his own use. That at the time of her death, her mother, E. Jett, was the owner of a female slave and her five children, the slave and two of her children having been purchased with the separate property of petitioner's mother. That her mother left community property, to the value of $12,000. That the defendant kept possession of the whole estate, converting the fruits arising therefrom to his own use. That he caused no inventory to be made, and never rendered any statement of the amounts paid or received by him on account of the succession.

B. E. Tippett, further represents, that she is the sole heir of the deceased. That with a view to a partition and settlement of the succession, she entered into a written agreement with the defendant on the eighteenth of April, 1825, before the Parish Judge, by which the latter conveyed to her six slaves, in consideration whereof she relinquished, in his favor, all her right, interest, and claims to the succession of her mother. That the slaves so conveyed were partly community property, and, in part, the separate property of her mother, and were worth, at the time, but about $1800. That she was then ignorant of the value of the succession. That she has suffered a loss exceeding one-fourth of its value, and that the agreement is void, for lesion and fraud on the part of the de-

fendant, who well knew and fraudently concealed the value of the estate. The petition further alleges, that the defendant has converted the whole succession to his own use, except the six slaves before mentioned; that petitioners are entitled to recover from him $1800, with interest from the opening of the succession; one-half of the succession itself, worth $6000; and the slave above named, with her five children. A partition of the community property is prayed for, and an attachment against the property of the defendant as a non-resident. Interrogatories were also propounded to one Maddox and J. M. Jett, as garnishees.

The defendant denied, generally, all the allegations in the petition, and specially that B. E. Tippett is the legal heir of his deceased wife. Prescription was pleaded in an amended answer.

There was a judgment below, rescinding the agreement of the eighteenth of April, 1825, for lesion, and, there being no property within the jurisdiction of the court to be divided in kind, in favor of B. E. Tippett for $6934 60, the balance due on her interest in the community property. Judgment was also given in her favor agains the garnishees, for the amounts due by them, respectively, to the defendant, H. Jett. The defendant and garnishees have appealed.

*Dunbar*, for the plaintiffs. This is an action to rescind a partition, for lesion beyond a fourth. No matter by what name a contract of partition may be called, where a question of lesion arises, the contract will be considered a partition. Code of 1808, p. 206, arts. 250, 253. *Goodwin* v. *Chesneau's Heirs*, 2 Mart. N. S. 409. Art. 254, Tit. 2, Book 3d. of the Code of 1808, p. 206, which declares, that, " the action of rescission is not admitted against a sale of hereditary rights, made without fraud, to one of the heirs and at his risk, by the other co-heirs, or by any of them," refers to sales expressly without warranty, and is inapplicable to the present case. The rules are the same, as to partitions between co-proprietors and co-heirs. This action can only be prescribed by the lapse of ten years. Code of 1808, p. 206, art. 259; p. 302, art. 204; p. 366, art. 115. Civil Code of 1825, arts. 1451, 2218.

*Elgee*, contra.

BULLARD, J. A re-hearing was allowed in this case at a former term, the court having at first held that the attachment must be

dissolved on the ground that no property had been attached, the garnishees having sworn that they had been notified of an assignment by the defendant, to Stockman and Knight, of the debts attached in their hands.* Upon further consideration, we are of opinion that it is sufficiently shown that the assignment was fictitious and conferred no right, and, consequently, that the attachment must be sustained, and the judgment below examined on the merits.

The plaintiff, B. E. Tippett, who is the sole heir of the defendant's late wife, who was in community with him, sues to recover $1800, the price which she alleges the defendant received for a tract of land in Concordia, sold by them after the marriage, but which belonged to her mother, and to annul and rescind an alleged partition between her and the defendant, for lesion beyond one-fourth. The sum of $1800 is sworn to as a debt upon which the attachment was ordered, and the action of rescission was engrafted upon it. The judgment of the District Court was for the plaintiffs, and the defendant has appealed.

The evidence is wholly insufficient, in our opinion, to prove the debt of $1800. It is supported only by the oath of one witness, who, notwithstanding an objection to parol evidence in such a case, was permitted to testify to the ownership by Jett's wife of a tract of land in Concordia, to its sale by Jett and wife after their marriage, and that the price was $1500 or $1800, and was received by the husband.

The contract between the parties, which the plaintiffs contend was intended to put an end to their joint interest in the community of *acquêts* and gains, and consequently was a partition subject to be rescinded for lesion beyond one-fourth, bears date April 18th, 1825. It recites that H. Jett, for the consideration therein expressed, has sold, transferred, and delivered to the plaintiff, Belvidere Eliza Tippett, six slaves, whose names and ages are given. No price is mentioned, nor any valuation of the slaves. B. E. Tippett, on her part, relinquishes in favor of Jett, all her right, title, interest, and claim to the succession of her late mother, Eliza-

---

* The first opinion in this case, was delivered by *Martin*, J., October, 1838. The opinion last pronounced has rendered its publication unnecessary.

beth Jett, the wife of the said H. Jett, abandoning all claim to the same, and acknowledging herself fully satisfied and compensated by the slaves above described.

H. Jett, by this act, admits the plaintiff's heirship, and cannot now be permitted to call it in question, without showing affirmatively that he was in error.

The contract between the parties is clearly not a sale. No price is fixed for the slaves. It appears to be one rather of exchange, Jett giving six slaves in exchange for B. E. Tippett's right, title, interest, and claim to or in the succession of her mother. But, whatever may be the form of the act, it is well settled, that every first settlement between heirs or partners by which a state of indivision is terminated, is, in substance, a partition. 3 La. 188.

In the case here referred to of *The Syndics of Morgan* v. *Davenport's Heirs*, *&c.*, Morgan and Cortes had been partners in trade. On the dissolution of the partnership, Morgan sold out his interest to his partner for $10,000; and it was held that this was substantially a partition, and the lesion was alleged by way of exception, in an action on the notes given for the price of the sale.

That there did exist a community of *acquêts* and gains between H. Jett and the mother of the plaintiff B. E. Tippett, is clearly shown, and, we presume, the slaves given to her belonged to that community. The effect of the contract was to vest in Jett a title to all the property in which they were jointly interested, in consideration of six slaves, and an exemption, on the part of B. E. Tippett, from all debts due by the community.

It is, however, contended, that the contract is a cession of hereditary rights to a co-heir, and, consequently, without warranty, and not subject to rescission for lesion.

B. E. Tippett appears to us to have placed herself in a dilemma, from which it is difficult to escape. If her contract with Jett was a partition, and subject to rescission for lesion beyond a fourth, she cannot succeed, because she has neither averred nor proved an offer to restore the slaves received by her as her share; and it is a general rule in all actions of rescission, that the party seeking relief must offer to restore his adversary to the situation he was in before the contract. He who seeks equity, must do equity. If, on the contrary, the contract be regarded as one of exchange, the

same principle applies, and the contract cannot be rescinded without placing the parties *in statu quo*. In either case, Jett would be entitled to a restoration of the slaves, given by him as a consideration for B. E. Tippett's interest in her mother's estate; and, if a new partition is to be made, he has a right to require that the property shall be partaken in kind, so far as it is practicable, and this could not be done without bringing back the slaves, which she has not shown herself either able or willing to do.

But even if it were doubtful whether that principle applies to the case before us, yet we are clearly of opinion that the present action is barred by the prescription of five years, according to article 3507 of the Civil Code, which declares that "the action of nullity or rescission of contracts, testaments, or other acts; that for the reduction of excessive donations; that for the rescission of partitions and guarantee of the portions, are prescribed by five years," &c. The contract between B. E. Tippett and Jett bears date April 18th, 1825, and the attachment was served in this suit May 23d, 1831.

The judgment of the District Court is, therefore, avoided and reversed; and it is further ordered that there be judgment for the defendant, with costs in both courts.