(42 South. 645.)

No. 16,079.

HURST et al. v. W. B. THOMPSON & CO. et al.

(Dec. 10, 1906. Rehearing Denied Jan. 7, 1907.)

1. EXECUTION—LEVY—INJUNCTION.

Thompson & Co., judgment creditors of Thomas W. Hurst, seized certain real estate as belonging to him which was in the possession of the wife and children of Hurst, under a donation to them by his mother. The donees enjoined the sale. The district court perpetuated the injunction. That judgment is affirmed.

2. GIFT—VALIDITY—POSSESSION.

The donees were living, at the time of the donation, with the donor, and possession followed the title. The son had no interest in the property, and no rights to urge against the donation. He had received from his mother more than his share in the mother's succession, and there was no legal obstacle standing in the way of his mother giving the property to whom she pleased. No one having a legal interest to attack the donation has done so, and, until successfully attacked by parties having a legal interest so to do, it should remain undisturbed. The debt due to the seizing creditor had its origin long after the donation, and long after the opening of the succession of the donor.

3. HUSBAND AND WIFE—COMMUNITY PROPERTY—DONATION TO WIFE.

A donation, made specially and separately to the wife, does not fall into the community. The provisions of article 2402 of the Civil Code do not apply to such a case. Legal presumptions do not extend from the special cases provided for to others not enumerated. The property in this case was not purchased, nor was the donation made jointly to the husband and the wife.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26. Husband and Wife, § 893.]

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of St. Helena; Clay Elliott, Judge.

Action by R. H. Hurst and others against W. B. Thompson & Co. and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

William Thomas Holland and Reid, Purser & Reid, for appellants. Milton Alexander Strickland, for appellees.

Statement of the Case.

NICHOLLS, J. On November 21, 1896, the firm of W. B. Thompson & Co. obtained judgment against Thomas W. Hurst for the sum of $876.92, with 8 per cent. per annum interest thereon, from October 15, 1891, until paid, and costs of suit.

On the 21st of June, 1905, a writ of fi. fa. issued in execution of that judgment against Thomas W. Hurst and his property, rights, and credits, under which writ the sheriff of Tangipahoa seized and advertised for sale certain property in that parish.

On the 2d of August, 1905, the sale of the property so seized was enjoined upon the petition of Lavinia L. Lee, wife of

Thomas W. Hurst, and of Richard Henry Hurst, Roan Lee Hurst, May S. Hurst, wife of Thomas E. Frazier, and Nancy Jane Hurst, wife of Henry W. Powell.

The four last named parties were children of Thomas W. Hurst and his wife, Lavinia L. Hurst.

The injunction was granted upon the allegations of persons applying for the same, that they were the bona fide owners and possessors of said property seized, and all improvements thereon, and had been for many years; that they acquired the same May 5, 1879, from Mrs. Mary S. Hurst, now deceased, by a public act before W. H. McClendon, deputy recorder; that said act is translative of property, valid in form, and was duly recorded December 15, 1879, on Conveyance Book Y, pages 444, 445, and 446, of the conveyance records of said parish, which said act is hereto annexed and made part of this petition; that their said ownership and possession had been continuous, uninterrupted, peaceable, public, and unequivocal since the date of their acquisition of said property May 5, 1879.

They show that their seizure is wrongful, illegal, and malicious; that said property is in no wise bound for the debts of Thomas W. Hurst, and its sale would work petitioners an irreparable injury; that by said seizure they had been damaged in the sum of $100 as attorney's fees, and in loss of time, annoyance, and expense in the further sum of $50; and that a writ of injunction is indispensably necessary to protect petitioners and their rights in which they desire.

In view of the premises, they prayed for the citation of the said Eugene B. Watson, sheriff of St. Helena parish, and of the said W. B. Thompson & Co., a commercial firm domiciled in the city of New Orleans, La., and composed of W. B. Thompson and the widow and heirs of Percy L. McCay, deceased, viz., Mrs. Nellie Connor, widow in community, and the minors, Edith, Percy L., Anna L., and W. B. Thompson McCay, duly represented by their mother and tutrix, Mrs. Nellie Connor McCay, all residents of the city of New Orleans. They prayed for an order and for a writ of injunction directed to said Sheriff Watson and the said Thompson & Co., restraining and prohibiting them from selling or causing the said property to be sold until further orders of this honorable court; that, after due proceedings had, said injunction be perpetuated and said seizure released, with $150 damages as above stated. They finally prayed for costs, for all necessary orders, and for all general and necessary relief.

Defendants answered, pleading first the general issue. They admitted the seizure of the lands described, but denied that plaintiffs in injunction had any right, title, interest or claim in or to said land. They averred that the said lands were a part of the community estate of ———— Hurst, deceased, and his wife, Mrs. Mary Susan Wall, parents of T. W. Hurst, the husband of Lavinia Lee, and the father of the other plaintiffs.

That the act under which plaintiffs claimed only purported to convey the right, title, and interest of Mrs. Susan Wall in said lands, property, etc.

That said act of donation before McClendon, notary, was intended to convey property to W. T. Hurst, and that his wife and children, present and future, were named as donees by fraudulent substitution, in order to shield the property from the pursuit of the creditors of T. W. Hurst, who was at the time involved in debt. That the property intended to have been conveyed was the property of T. W. Hurst, being his virile share of his deceased father's estate, and an advance of his share on his mother's estate. That this donation was not gratuitous, but an onerous donation, in so far as it conveyed anything over and beyond the virile share of T. W. Hurst in the estate

of his mother and father, and that the consideration thereof was contributed by T. W. Hurst, individually, and the community of which he was the head, and any property or rights therein conveyed became invested in the said community and liable for the debt of T. W. Hurst.

They denied that plaintiffs were then or had ever been in possession of said lands, and averred that T. W. Hurst had been in possession thereof continually, and that plaintiffs had only occupied same as members of the household of T. W. Hurst; that the plaintiffs were without interest in said lands, and the injunction was obtained with full knowledge of their want of interest, and without any reasonable ground to believe that they owned or were interested in said land, and said injunction was wrongful and illegal, and had damaged respondent in the sum of $150, attorney's fees in defending the suit, and in the further sum of $100 for expenses of preparing for defense, vexation, and annoyance; that they should also be condemned to pay statutory damages of 20 per cent. for abuse and misuse of the equitable writ of injunction. They prayed that the demand of plaintiffs be rejected, and the lands be decreed to belong to Thomas W. Hurst and subject to execution under the fi. fa. under which they were seized. They prayed for damages against plaintiffs, and that the writ of injunction be dissolved.

Plaintiffs pleaded the prescription of three, five, and ten years against all attacks upon the title and possession.

The district court rendered judgment in favor of the plaintiffs in injunction, perpetuated the injunction, and decreed the plaintiffs to be the owners of the property seized and that it was not liable for the satisfaction and payment of the amount due the defendant by Thomas W. Hurst.

The original plaintiffs in the suit, W. B. Thompson & Co., have appealed.

## Opinion.

We think it has been conceded, and, if not conceded, that it has been established, that the property involved in this litigation belonged in its entirety to Mrs. Mary Susan Wall, widow of Richard Henry Hurst, now deceased. She was the mother of Thomas W. Hurst, the judgment debtor of the seizing creditors, W. B. Thompson & Co., and was in possession as owner of the same on the 5th of May, 1879. On that day she by notarial act made a donation to Lavinia L. Hurst, wife of her son, Thomas W. Hurst, and her children born and that might be born of her marriage with Thomas W. Hurst, of all her right, title, and interest in and to the property referred to. The donee, Mrs. Hurst, aided and authorized by her husband, accepted the said donation for herself and her said heirs. In the act the donor declared that the donation was made in view of the near approach of death and in consideration of her said daughter-in-law and son having supported her and maintained her in the decline of life, and of her wish to reward their fidelity and provide for her said children and grandchildren.

The donee, after declaring she accepted the donation, agreed to pay Mrs. McDonald, a daughter of the donor, $100 on or before the 1st day of January, 1880, executing her note for said amount in favor of Mrs. McDonald. This act was recorded in the parish of Tangipahoa on December 15, 1879.

Mrs. Mary S. Hurst (the donor) died shortly after the donation, in 1879 or 1880.

Mrs. Lavinia L. Hurst and her children have been in possession of the property ever since the donation.

On November 21, 1896, the seizing creditors, W. B. Thompson & Co., obtained judgment for $876, with interest from October 15, 1891, at 8 per cent. per annum, on a note dated January 20, 1891, which judgment was

recorded on October 6, 1896. The debt which this note represented originated in 1890.

On the trial the seizing creditors offered in evidence different acts of donation, made in January, 1879, by Mrs. Mary S. Hurst, to her sons, Richard H. Hurst, Henry R. Hurst, and W. J. Hurst, of certain tracts of land; the consideration of the donation being stated in each act that the donee should relinquish all claims he had or might have in the succession of the donor, and also give his promissory note to her daughter, Mrs. McDonald, for $100.

Counsel stated the object of the offering was to show that Mrs. Mary S. Hurst settled with all her children by donation of her entire estate (requiring each one of them to pay Mrs. McDonald $100) being that virile share of the estate.

Plaintiffs objected, on the ground that the offering was irrelevant. The court sustained the objection. Defendant excepted, and reserved a bill of exception.

On the trial, Thomas W. Hurst being on the stand as a witness, counsel of the seizing creditors asking him:

"Are you the son of Mrs. Lavinia Hurst, the donor in this case? I mean, are you the son of Mrs. Mary Hurst? Where did she die? Where was her home? Where are you living?"

Counsel of plaintiffs inquired of him the purpose of the questions, to which inquiry he replied:

"I want to show that he is an heir of hers. I want to show that she made donation to all the others, and he was cut out, and he never got anything. I want to show that his interest was received for the care and attention of his mother for one part and $100 in cash for the other part, as the consideration of his interest in his mother's property, and that the deed is simulated."

Plaintiffs objected to the offering of any and all evidence to show that the plaintiffs were interposed parties in the donation or deed from Mrs. Mary Hurst to the plaintiffs, on the ground that it was not competent to show, by this witness or any other parol

evidence, that the title or deed from Mrs. Mary Hurst to the plaintiff was made for the benefit of Thomas W. Hurst, he having not received the land from the donor which passed to the plaintiffs, and the effect of such evidence would be to take the title out of the plaintiffs and place it in Thomas W. Hurst, contrary to the will of the donor, as shown by the record. They further objected that the defendants had no right to champion the rights of Thomas W. Hurst in any way; that, even if he had been left with nothing by his mother, it was not for them to complain for him—to complain, at least, at this distant day; and, further, on the ground that, at the time that this debt of Thompson & Co. was contracted, this debt of T. W. Hurst to Thompson & Co. was contracted long subsequent to the donation from Mrs. Hurst to her children. The court sustained the objections and excluded the evidence. Defendants reserved a bill of exceptions.

Thomas W. Hurst, being on the stand and asked, "What did you get from your mother?" answered: "I got cotton. I came out of the war in 1866." Defendant's counsel objected that it was not shown by the record anywhere that he received his share of his mother's estate; that a receipt for these things, or a title showing that he received his share from his mother, was the best evidence. The court overruled the objection, on the ground that it was expressly alleged in the answer that T. W. Hurst had not received his virile share from his mother, and evidence to negative that allegation was admissible on the part of plaintiff in injunction.

Counsel for plaintiffs then said:

"Tell the court what you got from your mother in as few words as you can."

Witness answered:

"When I came out of the war, she had a lot of cotton, and she gave it to me, and I ginned it and had it sold, and it amounted to about $3,000. I have got the papers, and intended to bring them from home; but I got a little angry before I left, and forgot them.

"Q. You invested that money in a store and merchandise?

"A. Yes, sir; in 1866 and 1867.

"Q. And lost it?

"A. Yes, sir.

"Q. What was your full share? This was all you could get from her?

"A. This $3,000; the way I looked at it, that was a little more than my share."

No bill was reserved to this ruling.

In the brief filed on behalf of the seizing creditors, counsel say:

"The court failed to grasp the character of the action. It is not and was not revocatory. It simply sought to subject to the just and liquidated claims of defendants in injunction property which was in the possession of and under the administration and control of the heirs of the community, even though the nominal title vested in the wife and children of the husband. This lack of possession on the part of the plaintiff and the actual posession and control of the husband and the peculiar character of the act in its terms certainly takes the case out of the regular line of jurisprudence as asserted in the case of Willis v. Scott, 33 La. Ann. 1026." Ervin v. Bank of Kentucky, 5 La. Ann. 5; Cosgrove v. His Creditors, 41 La. Ann. 274, 6 South. 585; Brush v. Dehon, 41 La. Ann. 244, 6 South. 31.

We do not think there can be any doubt as to the possession of the property involved in this litigation having passed at the time of the donation from Mrs. Hurst, the donor, to the donees in the act. The latter were living with her at that time, and possession followed the title.

The seizing creditors invoke against the verity of the donation of Mrs. Hurst to her daughter-in-law and to her children the presumption of article 2402 that property acquired during the marriage is community property, whether standing in the name of the husband or wife. It is a recognized rule that legal presumptions do not extend from the special case provided for to others not enumerated. The modes of acquisition to which the presumption of article 2402 applies are acquisitions by "purchase" and by "donations made jointly to both spouses." This property was not purchased by either of the spouses, nor was it donated, jointly, to them. The donees were specially designated

as the daughter-in-law and children. Not only was the husband not included, but he was a party to the act of donation, and acquiesced in and ratified the donation made to others than himself. A "donation" made specially to one of the spouses during the marriage does not fall into the community, but is the separate property of the spouse to whom it was donated. Unless there be some legal obstacle in the way, a person is at liberty to donate his property to any particular person or persons whom he may select. Civ. Code, art. 1746. And his power of selection cannot be controlled by third parties. Mrs. Hurst owed duty of no kind to the seizing creditors. She did not even know them, nor could she consider them, as the debt due them did not spring into existence for many years afterwards. Appellants suggest that Hurst was in involved circumstances, and the title was placed as it was in order to shield him from his creditors generally, present and future. There is no evidence to show that he was in fact embarrassed in circumstances. It is urged that the object of the mother was to cut this particular son off from his legitime; but, notwithstanding the many years which have elapsed since the death of the mother, no one having a legal interest to complain has done so. The heir supposed to have been disinherited or aggrieved has acquiesced in the donation as made.

We do not find that he had in fact been disinherited or aggrieved, as he acknowledges himself that in 1866 his mother gave him cotton, which he ginned and sold for more than $3,000, and that the money so received by him was, in his opinion, more than his share in his mother's succession. If that be true, and the facts are not controverted, there is nothing surprising that his mother, being free to select the objects of her benevolence or kindness, should have chosen as such objects the daughter-in-law with whom she was living and her children. There is

every reason to suppose that the daughter, Mrs. McDonald, has already received by anticipation everything, or nearly everything, that she was entitled to.

Assuming and conceding that the acts of donation by Mrs. Hurst to her other sons were made as part of a general plan of a partition by an ascendant of her property, the plaintiff in this case had no legal interest or standing to contest it.

Unless and until contested by one having such legal interest or standing, it must remain undisturbed.

We think the judgment appealed from is correct, and it is hereby affirmed.