200 So. 461

**STONE v. JEFFERSON et al.**
**No. 34727.**

Feb. 3, 1941.

Wallace & Stinson, of Benton, for plaintiff and appellee.

W. M. Phillips, of Shreveport, for defendants and appellants.

HIGGINS, Justice.

The plaintiff instituted a suit against the defendants for a partition by licitation of a 116-acre tract of land located in Bossier Parish, Louisiana, alleging that he was a co-owner of an undivided half interest therein and that the defendants were the owners of the other undivided half interest in certain designated proportions. The defendants, in their answer, denied that the plaintiff was the owner of an undivided half interest in the South half of the tract or 58 acres and disclaimed any interest in the North half of the tract or 58 acres. The case was tried on its merits and the district judge rendered judgment in favor of the plaintiff, ordering a sale of the property to effect a partition. Defendants appealed.

After the transcript was lodged in this court, the defendant Henry Jefferson died and his heirs, who were his co-defendants, were substituted as defendants in his place.

On March 8, 1913, Mary Page Leviston, a widow, and Henry Jefferson, husband of Pennie Woodson, jointly purchased from W. H. James the West half of the Southeast Quarter and the Southwest Quarter of the Northeast Quarter of Section 30, Township 16 North, Range 10 West, Bossier Parish, Louisiana, the land in controversy herein. On June 16, 1928, the sheriff and tax collector of Bossier Parish sold to Sam Fiest "116 acres, W½, SE¼, SW¼ of NE¼ less part of north side included in Lot 1 Sec. 30 Twp. 16 Range 10." This property was assessed in the name of Henry Jefferson and Mary Page Leviston, and was sold for the unpaid State and Parish taxes of the year 1927. The deed recites proper assessment, advertisement and compliance with all legal formalities. The land was adjudicated for the sum of $24.91 and the sheriff's deed was recorded on June 22, 1928. On April 23, 1931, Mary Page Leviston, by an authentic act, purchased from Sam Fiest the North half of the property sought to be partitioned or the North 58 acres of the tract for the sum of $218.95, giving her note for the entire purchase price and securing it by a vendor's lien and mortgage on the 58 acres conveyed. The act recites that the property was sold without warranty and that this land was a part of the tract acquired by the vendor at tax sale, and that the sale only conveyed such interest as he acquired through the tax sale. The act was properly recorded in both the conveyance and mortgage records of Bos-

sier Parish, on April 24, 1931. On April 23, 1931, before the same notary and witnesses, Sam Fiest sold to Henry Jefferson the South 58 acres of the 116-acre tract in question for the sum of $250 cash, with the same stipulations as to warranty and that the property had been acquired at a tax sale, as recited in the deed to Mary Page Leviston. This act was registered in the conveyance office of Bossier Parish on April 24, 1931.

Pennie Woodson, first wife of Henry Jefferson, died in 1929, leaving several children, issue of their marriage and who are parties defendant herein. She was Henry's wife in 1913, when he acquired an undivided half interest with Mary Page Leviston in the 116-acre tract. After her death, Henry married Mary Lott and she was his wife at the time he purchased the South half of the tract of land from Fiest on April 23, 1931.

The testimony shows that Mary Page Leviston for several years has been in possession of the North 58 acres transferred to her by Sam Fiest. Ernest Jefferson, son of Henry, lived on the property with Mary and assisted her in farming for two or three years before he married Mary's daughter and thereafter he continued to farm about 40 acres on the North half of the tract at the request of Mary Page Leviston. R. C. Drew, a civil engineer, who testified as a witness for the plaintiff, stated that Mary Page Leviston and Ernest Jefferson each had a house on the North part of the tract and that her field is in the northeast corner. There is no evidence that anyone is in possession of the South half of the tract or the 58 acres transferred by Fiest to Henry Jefferson.

On March 15, 1937, Mary Page Leviston sold to the plaintiff, Charles R. Stone, a half interest in the entire tract of 116 acres for a recited consideration of $600 cash. Plaintiff testified that he had paid about $300 of the purchase price and was awaiting the result of this litigation before paying any additional amount. It appears that Mary Page Leviston still remained in possession of the North 58 acres. This suit was filed on May 10, 1937.

It is conceded that the property is indivisible in kind and that a partition by licitation is necessary if the parties are held to be co-owners in indivision. The plaintiff contends that the two acts of sale by Sam Fiest to Mary Page Leviston and Henry Jefferson, respectively, on April 23, 1931, were redemption deeds and, therefore, as these parties in 1913 originally acquired the property as co-owners in indivision, that status continued after the redemption and until Mary sold her undivided half interest to the plaintiff in 1937 when he became a co-owner of an undivided half interest in the property with the defendant. He argues that the stipulation in the deed that Fiest acquired the property at tax sale and was selling it without warranty, shows that it was a redemption sale.

The defendants defend on two grounds: (1) That the two acts of sale on April 23, 1931, above referred to, were outright sales, translative of title to Mary Page Leviston of the North 58 acres of the tract and to Henry Jefferson of the South 58

acres of the tract, because these purchases of the property were made more than one year after the redemptive period allowed a property owner by Section 11, Article 10 of the Constitution of 1921, had elapsed and, as further indicated by the purchase price they paid and the fact that Mary purchased the North 58 acres and the defendant Henry Jefferson the South 58 acres, without any express or implied provision in either deed that the parties intended to purchase or reacquire the property as co-owners in indivision; (2) that even if the acts of sale of April 23, 1931, are considered redemption deeds, Henry Jefferson and Mary Page Leviston partitioned the property between themselves by virtue of those two acts of sale, each one taking a definite part of the tract of land formerly held in indivision.

Conceding that the acts of sale of April 23, 1931, were redemption deeds, a view most favorable to the plaintiff, but without deciding that issue, we shall pass to a consideration of the second defense, i. e., that these alleged redemption deeds also effected a partition of the property between Henry Jefferson and Mary Page Leviston.

In the case of Tyson v. Spearman, 190 La. 871, 183 So. 201, 205, we said:

"The next question for our consideration is whether or not the transaction of August 12th, 1919, between the defendants and Chesley Gibson is in fact a partition * * *.

"As stated in the case of Tippett v. Jett, 3 Rob. 313, '* *. * whatever may be the form of the act, it is well settled, that every first settlement between heirs or partners by which a state of indivision is terminated, is, in substance, a partition;' and, as expressed in the syllabus of the case of Westover v. Aime, 11 Mart., O.S., 443, 'if heirs in dividing the property of their ancestor, held in common, pass an act of sale to each other, it will be regarded not as a sale but as a partition.' See, also, Corpus Juris, Volume 47, p. 267." .

The record shows that these two parties, who had purchased the property in indivision in 1913, appeared before the same notary public and the same two witnesses, on April 23, 1931, and executed two authentic acts, the first covering the conveyance to Mary Page Leviston of the North half or 58 acres of the property and the second transferring to Henry Jefferson the South half or 58 acres of the property. Each party signed the respective deeds only and had them properly registered in Bossier Parish. She paid $218.95, as the purchase price of the North half, which was represented by a note for that sum bearing 8% interest and she mortgaged the North half or 58 acres to secure the note. This is the same note that the plaintiff took up when he purchased Mary Page Leviston's interest in 1937. Henry Jefferson paid $250 cash for the South half. For six years Mary Page Leviston lived upon and farmed the North half or 58 acres that she acquired and built two houses thereon. As the acts of sale were properly registered and it was not shown that there were any subsequent tax sales of the property, it must be assumed that

during the six years each party paid his or her own taxes. When Mary and Henry had Sam Fiest and the notary execute to each of them deeds covering the whole of the North half and the whole of the South half of the property, respectively, they divided the 116-acre tract as effectively as if the transfers had been made in one partition instrument between them. To hold otherwise is to ignore the deliberate acts of these two parties who, on the same day, at the same place, and in the presence of the same notary and witnesses, each took full title to the half interest owned by the other in the land with full knowledge of what they were doing. Under the facts of this case it is difficult to understand how it can be said they intended thereafter to hold the property in indivision. The conclusion is inescapable, conceding that the parties had the right to redeem the property, that they intended to and did finally and completely partition the property as shown by the acts of sale of April 23, 1931, as well as their subsequent actions. For a period of six years there was no claim by Henry or Mary, reciprocally, against each other for the respective 58 acres of land which was transferred and conveyed to them and it was only after plaintiff purchased the property in 1937, that this litigation arose.

█ As the acts of April 23, 1931, were properly registered in the conveyance records of the Parish of Bossier and the plaintiff admits that he took up the note that Mary gave Sam Fiest as a consideration for the sale in 1931, he is charged

with notice and obtained no greater rights in the land than she had. Otis et al. v. Texas Oil Co. et al., 153 La. 384, 405, 96 So. 1.

█ The children of Henry Jefferson and Pennie Woodson as their sole and only forced heirs are defendants herein and they urged the defense that their father made to the suit in their joint answer and have thereby ratified and confirmed the partition of April 23, 1931, although they did not take part therein as they were entitled to do as heirs of their late mother, who died in 1929. Therefore, the plaintiff cannot complain on that score.

The plaintiff also filed a plea of estoppel on the ground that Henry Jefferson, in a divorce proceeding with his second wife, Mary Lott, had averred in his answer that there was no community property existing between them and, thereby, considered the act of sale of April 23, 1931, a redemption deed and not an outright sale. As we have treated the acts of sale of April 23, 1931, as redemption deeds and have shown that they also constituted a partition of the property between Henry Jefferson and Mary Page Leviston, the plea of estoppel passes out of the case.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court is annulled and set aside, and it is now ordered, adjudged and decreed that the plaintiff's suit be and the same is hereby dismissed at his costs.

O'NIELL, C. J., and LAND, J., do not take part.