HAMITER, Justice.
 

 Plaintiff, Robert Lee Ortego, is appealing from a judgment sustaining an excep
 
 *390
 
 tion of no cause of action (directed at the allegations of his petition) and rejecting his demands. In the suit he, as the sole heir of his deceased father, Eloi Ortego, seeks to recover an undivided interest in a tract of land of about 42 acres located in Evangeline Parish which was sold by his mother in 1920 and is now possessed by the defendant, Linzy Morein. The plaintiff alleges and contends that such land was the property of the community of acquets and gains that existed between his father and mother.
 

 In considering the appeal, particularly defendant’s exception of no cause of action, the well pleaded allegations of fact of the petition, as controlled by the documents annexed to and made a part thereof, are to be accepted as true. They disclose that the land in dispute, together with numerous other tracts, was owned by Joseph Tate and his wife Alma Morein at the time of their deaths many years ago, and that those persons were survived by eleven children, one of whom was Odette Tate, the mother of plaintiff and the wife of Eloi Ortego. In 1919 the successions of Joseph Tate and Alma Morein were opened in cause numbered 357 on the probate docket of the District Court of Evangeline Parish, and for some unexplained reason the properties thereof were purportedly sold by an auctioneer on, November 1, 1919, the vendee named in his deed being Eloi Ortego. This attempted sale was without effect, however, for there was no authority, either from the court or from the Tate heirs, for its holding. Furthermore, the auction deed was never recorded; in fact, it bears a marginal notation “Notarial acts executed in carrying out these adjudications. So this is not to be recorded.”
 

 On the same date (November 1, 1919), as shown by a document attached to plaintiff’s petition, Odette Tate was joined by all of her co-heirs in the execution of a conventional deed by which there was conveyed to her the property in dispute, together with a smaller tract. The total consideration recited for the transfer was $3200, of which $1436.40 was described as a cash payment. For the balance of $1763.-60 the vendee gave two notes of $881.80 each, payable one and two years respectively after date and secured by a vendor’s lien and special mortgage. The deed, which was signed also by the vendee’s husband (plaintiff’s father) and was duly recorded on November 20, 1919, stipulated that Odette Tate was purchasing with her own separate and paraphernal funds, and further, as to the property in dispute herein, it contained a statement reading, “ * * *
 
 being part of the same property acquired by the vendors herein, together with purchaser herein from the Estate of Joseph Tate and wife, Alma Morein,
 
 as per judgment rendered in Estate No. 357, on Oct. 6, 1919, and duly recorded in Conveyance Book ‘A’ #9, page 505 et seq., Recorder’s Office, of this Parish.” (Italics ours.)
 

 Approximately a year later (by a deed dated Nqyember 19, 1920, and duly recorded
 
 *391
 
 November 24, 1920), Odette Tate, for a recited cash consideration of $3000, conveyed the disputed property to J. E. Tate. And the latter, on September 28, 1929, sold it to Linzy Morein, the defendant herein.
 

 In support of the contention that the property in question belonged to the community of acquets and gains that existed between his mother and father, plaintiff invokes the doctrine announced in Houghton v. Hall, 177 La. 237, 148 So. 37, and other cited cases, that property purchased by the wife du'ring the marriage is deemed to belong to the community, notwithstanding stipulations to the contrary in the deed, unless she, or those claiming through or from her, establish (1) the paraphernality of the funds used, (2) the administration thereof separately and apart from her husband, and (3) investment by her. But this doctrine is not applicable here. According to the record before us Odette Tate, plaintiff’s mother, did not purchase the property; she acquired it by inheritance from Joseph Tate and Alma Morein, her mother and father. It was, therefore, paraphernal in character, not an asset of the community.
 

 True, her title was evidenced by a regular credit deed executed by her, her co-heirs and her husband. But as hereinafter shown that transfer must be regarded as an essential step in the confection of a partition among all of the co-heirs, not as a purchase and sale transaction. As to a somewhat similar situation, thisj court said in Tyson v. Spearman, 190 La. 871, 183 So. 201, 205, that:
 

 “The next question for our consideration is whether or not the transaction of August 12th, 1919, between the defendants and Chesley Gibson is in fact a partition and not such a title as would support a plea of prescription of ten years acqu'irendi causa as was held by our learned brother below.
 

 “As stated in the case of Tippett v. Jett, 3 Rob. 313, ‘ * * * whatever may be the form of the act, it is well settled, that every first settlement between heirs or partners by which a state of indivisión is terminated, is, in substance, a partition;’ and, as expressed in the syllabus of the case of Westover v. Aime, 11 Mart., O. S. 443, ‘if heirs in dividing the property of their ancestor, held in common, pass an act of sale to each other, it will be regarded not as a sale but as a partition.’ See, also, Corpus Juris, Volume 47, p. 267.” '
 

 Attached to plaintiff’s petition herein is a certified copy of an instrument, styled a “Partition,” which constitutes a part of the proceedings in the successions of Joseph Tate and Alma Morein. It is notarial in form and was executed on November 19, 1919, (19 days after the deed in favor of Odette Tate), by all of the eleven co-heirs, including Odette Tate who was joined by her husband. In that partition instrument there is listed the valu'e of each heir’s interest in the estates of Joseph Tate and Alma Morein, it being $1970.60; -and in connection with the listing the manner of
 
 *392
 
 payment or settlement of the interest is described. Thus, each brother and sister, according to the document, purchased a portion of the estates. With respect to some of them the values of the properties purchased exceeded their respective hereditary interests, while as to others the values were less. However, to care for the resulting differences, those in the former group gave notes, and those in the latter accepted cash or notes, or both. Illustrative of this, and disclosing the settlements made with Odette Tate and Joseph Tate, are the following computations found in' the partition act:
 

 “Odette Tate, wife of Eloi Ortego, 1/11 ................ $1970.60
 

 Her purchase at sale $3234.20
 

 Amount due by her.. $1263.60
 

 Amount due her.... 500.00
 

 Gives 2 notes.......$1763.60
 

 * * ' * * * j(t
 

 “Joseph E. Tate, 1/11......... $1970.60
 

 Less his purchase at sale..... 87.65
 

 Balance coming to him....... 1882.95
 

 Take 2 notes of Odette Tate $880.80 ................... 1763.70
 

 Cash................... 119.35”
 

 And concluding the settlement agreement are the following pertinent paragraphs:
 

 “The partition, being completed as above set forth, and in accordance with the Act of Agreement hereinabove referred to was then closed.
 

 “In testimony of all which the parties to this partition have signed these presents, together with me, Notary, after reading the whole and all parties declaring that they are fully satisfied with said partition, on this 19th day of November, A. D., 1919.”
 

 Of course, as to Odette Tate’s interest there appears an unexplained discrepancy of $34.20 between the consideration of $3200 recited in the credit deed to her dated November 1, 1919, and the purchase price of $3234.20 stipulated in the discussed partition act. It may be that she acquired succession personal effects of the value of that difference. But unquestionably both documents affected the same real property, for the notes mentioned in each as having been given by Odette Tate were for the identical total amount.
 

 The judgment is affirmed.
 

 O’NIELL, C. J., absent