McBRIDE, Judge.
This appeal was transferred to this court by the Supreme Court, which found that it had no jurisdiction under Article VII,. *631 Sec. 10, Constitution of 1921, because there is no affirmative showing in the record that the value of the interest in dispute, an undivided one-eighth in real property, exceeds the sum of $2000. See 220 La. 992, 58 So.2d 205.
The property described as parts of Plots 28 and 29 of the Rear Woodland of Al-media Plantation in the Parish of St. Charles, stands in the joint names of the four plaintiffs. One of them, Andrew Swen Anderson, originally acquired the whole of the property from John W. Sheldon, by act of sale in the authentic form, passed before Fred C. Marx, Notary Public, on June 13, 1928, for a consideration stated in the act to be $1230. On August 9, 1944, by what purports to be an act of sale, passed before Warren O. Coleman, Notary Public, Andrew Swen Anderson transferred to his three sisters, Mrs. Genevieve Anderson Krokroskia, Mrs. Zenobia Anderson Hauge, and Mrs. Gladys Anderson Hinphy, an undivided three-fourths interest in the property for a recited consideration of $1000.
At the time of the sale by Anderson to his sisters, Mrs. Krokroskia was married to and living with her then husband, William E. Martin, Jr., the defendant. The marriage between them took place in 1937; they were divorced by judgment of the Civil District Court for the Parish of Orleans rendered in 1946.
During March of 1950 Anderson, Mrs. Hauge, Mrs. Hinphy, and the former Mrs. Martin (who had become the wife of Nemo Krokroskia), attempted to sell the property to a Mrs. Slathe, but she refused to take title to the property on the advice of her attorney, who was of the opinion that the former husband of Mrs. Krokros-kia, William E. Martin, Jr., had an outstanding interest in the property. Mrs. Slathe’s attorney took the position that whereas Mrs. Krokroskia had acquired her one-fourth interest in the property during her marriage with Martin, that interest belonged to the community of acquets and gains which had theretofore existed between them. Some attempt was made to have Martin sign the proposed act of sale, which he refused to do, contending that he owned a share of the property, and was entitled to a part of the proceeds of the sale. This suit followed.
In transferring the appeal to this court, the Supreme Court stated the case as follows :
“Plaintiffs-appellees, Mrs. Genevieve Anderson Krokroskia, Andrew Swen Anderson, Mrs. Zenobia Anderson Hauge, and Mrs. Gladys Anderson Plinphy, in their petition allege that they are desirous of a declaratory judgment in their favor and against the defendant-appellant, William E. Martin, Jr., quieting the title of the petitioner Mrs. Genevieve Anderson Krokroskia to two certain plots or parcels of land situated in the Parish of St. Charles, Louisiana, and decreeing the defendant-appellant to be without any right, title, or interest in the property, and recognizing the petitioners as the sole and only owners of the property. Defendant’s answer reveals that he is claiming an undivided one-eighth interest in the property, and as between these parties this one-eighth interest is the only interest in dispute. There was judgment in the lower court in favor of the plaintiffs, and the defendant appealed * *
The petition sets forth a history of the property insofar as the ownership of the plaintiffs is concerned. Swen Anderson, the father of the four plaintiffs, during September of 1915 purchased the land in Plots 28 and 29 for $1230, payable in small monthly installments on a “Bond for Deed,” from John W. Sheldon; Swen Anderson, the father, later became unable to make the monthly payments, and Andrew Swen Anderson and Mrs. Hinphy, two of the children, kept up the payments. The “Bond for Deed’” cannot be found at this time.
The petition then goes on to allege that by June 13, 1928 the land had been paid for, and that on that date John W. Sheldon, by the aforesaid act of sale before the Notary Marx, transferred the property to *632 Andrew Swen Anderson, who took title for convenience, “but that it was in truth and in fact the property of the said father, Swen Anderson”; that it was understood between the father and the younger Anderson that in due time the property would be partitioned among the four children of Swen Anderson.
It is further recited in the petition that Swen Anderson died intestate on September 12, 1935, and that the “partition” of the property took place on August 9, 1944, by the aforementioned act before Warren O. Coleman, Notary Public, which is in the form of an act of sale, by which Andrew Swen Anderson transferred a three-fourths interest in the property to his three sisters ostensibly for a consideration of $1000.
During the course of the trial, counsel for defendant seasonably objected to any parol evidence 'being adduced by plaintiffs to prove the allegations of the petition, the objection being based on the ground that parol proof was inadmissible to contradict, change, modify, enlarge, or explain any of the terms of the act under which Mrs. Krokroskia claims her interest. This objection was overruled, and the trial judge permitted six witnesses to give testimony which closely parallels and supports the allegations of the petition. The sole issue before us is whether the parol testimony emanating from the witnesses who testified for plaintiffs was properly admitted over the objection. If the contention of appellant that the evidence was inadmissible should fall, it is proper to say here that the judgment must be affirmed, as the record leaves no doubt that plaintiffs have clearly and indisputably made out their case with certainty. The verity of the testimony is unchallenged even by appellant.
LSA-C.C. arts. 2236, 2237 and 2276 and the several cases cited by appellant have no applicability to this case. The plaintiffs were not inhibited from showing by parol that the act of sale was in fact an act of partition, and there was no necessity of their alleging fraud or error, propounding interrogatories on facts and articles, or showing that a counter-letter existed. We shall make no further allusion to the cited articles and authorities, except to say that the rigors of Arts. 2236 and 2276, which provide that the authentic act is full proof of the agreement contained in it, and that no parol evidence is to be admitted against or beyond what may be contained in the act, only apply to the parties to the act or their privies. Mallet v. Thibault, 212 La. 79, 31 So.2d 601; W. K. Henderson Iron Works & Supply Co., Ltd. v. Jeffries, 159 La. 620, 105 So. 792; Commercial Germania Trust & Savings Bank v. White, 145 La. 54, 81 So. 753. Defendant was not a party or privy to the act, nor can he be deemed a third party relying on the faith of the public records, since it was not he who acquired the property, and any rights that he might have therein must of necessity flow from the acquisition of the one-fourth interest by Mrs. Krokroskia during the existence of the community of ac-quets and gains which existed between them. Baker v. Baker, 209 La. 1041, 26 So.2d 132.
By the provisions of LSA-C.C. art. 2402 all property acquired by either spouse during the marriage is presumed to belong to the community of acquets and gains, even although the purchase be only in the name of one of the two. Where property during the matrimonial community is taken in the name of the husband without a declaration in the deed that it is bought with his separate funds and as his separate property, the presumption that title is vested in the community is juris et de jure, and cannot be contradicted by the husband to the prejudice of his wife or her heirs. However, the rule of evidence is different as to the wife. Where the property bought during the community is taken in the name of the wife even though there is no declaration in the deed to the effect that the property is bought with separate funds and as her separate and paraphernal property, the wife may overcome the presumption that the property is community at any time afterwards by showing, even by parol evidence, if it be true, that the purchase was made *633 with her separate and paraphernal funds under her separate control and as her separate and paraphernal property. Succession of Parley, 205 La. 972, 18 So.2d 586, and the cases cited therein.
A wife may acquire separate property by a dation en paiement made in consideration of a separate and paraphernal claim, Broussard v. Broussard, 11 Rob. 445; a donation, made specially and separately to the wife, does not fall into the community, Hurst v. W. B. Thompson & Co., 118 La. 57, 42 So. 645; and property ■of an ancestor adjudicated to a married woman by the succession and paid for out •of her heritable share is her separate property, Vavasseur v. Mouton, 34 La.Ann. 1044.
Under the well-established jurisprudence above set forth, we find no error in the ruling of the trial judge that the testimonial proof adduced by the plaintiffs which shows beyond any doubt the para-.phernal character of Mrs. Krokroskia’s interest was competent. Swen Anderson bought the land by “Bond for Deed” and ■made the small monthly payments thereon for a period of some ten years, after which Andrew Swen Anderson and Mrs. Hinphy •continued the payments until the purchase ■.price was paid in full. That Swen Anderson chose to have formal title passed from the vendor to Andrew Swen Anderson, ■such is no concern of William E. Martin, Jr., nor is it any of his concern that Swen Anderson and his children agreed that the property was to be partitioned among them upon the death of Swen Anderson. Of a certainty none of his funds went into the purchase of the property, and this being so, it does not lie in Martin’s mouth to say that Swen Anderson and his children could not deal with the property in the manner in which they did. He has not the slightest right to assail their transactions inter sese.
Nor does the contention of Martin that he lived on the property with his wife and made improvements thereon with his own funds alter the situation. If, in reality, he did advance money for improvements, we say, perhaps, — but without deciding the question — that he may have a claim against his former wife for the amount of such advances.
Neither does the fact that Swen Anderson’s children made their “partition” in the form of a sale have any material bearing on the case. Partitions sometimes are made in the form of sales, and there is no legal or valid objection to this method of dividing the ancestor’s property. Ortego v. Morein, 212 La. 774, 33 So.2d 516; Stone v. Jefferson, 196 La. 1057, 200 So. 461; Tyson v. Spearman, 190 La. 871, 183 So. 201.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.