BAILES, Judge.
Plaintiffs, Virginia Marcello, divorced wife of Nick Benedetto, and Mary Mar-cello, widow of Marianno Rand,azzo, bring this suit against their two brothers, Charles Marcello and Phillip Marcello, and against the sole and only children of their deceased brother, Anthony Marcello, viz: Michael Marcello, Victor Marcello, Frank Marcello and Lena Marcello, wife of Isaac Sha-heen, as well as against Michel Marcello, the sole and only child of Frank Marcello, a deceased brother of the plaintiffs. In this suit the plaintiffs seek to set aside, as a disguised donation, a certain authentic act of conveyance of certain property located in Ascension Parish wherein plaintiffs transferred their interest therein to their then living four brothers, which brothers or their legal heirs and representatives are made defendants.
Defendants filed an exception of prescription of one year, four years, five years and ten years to the demands of the plaintiffs. The trial court sustained the exception of five years prescription and dismissed plaintiffs’ suit at their costs. From this judgment of dismissal, plaintiffs prosecute this appeal.
Plaintiffs, for a cause of action, allege that their father and mother were married but once and then to each other; that they were-domiciled in Ascension Parish; that their father died in January, 1945, and their mother died in June, 1949, both having died testate; and that at the time of their death they were the joint owners of certain immovable property, all of which property was described in the authentic act of conveyance made the subject of this litigation. Further, the plaintiffs allege the last wills and testaments of their parents were nuncupative wills by public acts and are on file in the notarial records of Ascension Parish; that by the terms of the said last wills and testaments, plaintiffs were bequeathed each a lot of ground 30' x lSCT, and two small lots were bequeathed to their sister (not a party to this litigation) Cecile Marcello, and the balance of the immovable property, described in the above referred to act of conveyance was bequeathed to plaintiffs’ four brothers; *418 that the said wills were never admitted to probate nor ordered executed, and therefore are of no effect whatsoever at this time; that under the laws of descent and distribution of this State each of them was, upon the death of their parents, seized of an undivided one-seventh (%th) interest in the said immovable property. Plaintiffs further allege that on the recommendation of the family’s legal adviser, they executed the act of conveyance herein sought to be set aside; that the document was never explained to them other than as a paper necessary to settle their deceased parents’ estate; that the recited consideration for this purported sale is not serious, is out of all proportion to the value of the thing transferred, and is in truth and in fact a donation in disguise. Additionally there are allegations setting forth the value of the property that each of the plaintiffs owned at the time of the execution of the said act of conveyance.
Plaintiffs seek the following recited relief in the prayer of their petition: “* * that the transfer of all of their interest in their deceased parents’ succession to their brothers be found to be a donation in disguise; * * * that said donation be adjudged and decreed a donation omnium bonorum, * * * that . . . there be judgment herein in favor of petitioners and against defendants for the revocation of said donation recognizing petitioners each to be the owner of an undivided one-seventh (%th) interest in and to all of the above described property, or in the alternative for the return of a sufficient amount of said property to satisfy petitioners’ interest in the estate of their deceased mother and father. * * * ”
It is alleged in petition, and it is supported by the copy of the act of conveyance attached to their petition, that the said act of conveyance was by authentic act dated February 23, 1950, and the petition commencing this action was filed on December 21, 1963, or more than 13 years after the execution of the said act of conveyance.
In ruling on 'the exception of five years prescription, the trial judge assigned the following reasons:
“We do not find that the questioned transaction is a donation omnium bonorum for the reason that the donors did not divest themselves of all their property although it may be true that the value of the property retained or received by them was not of equal value with the shares received by the defendants. We are not concerned with values under the pleas of prescription.
“We find further that the suit is not one for an entire succession or for the partition of an undivided succession. The prescription of thirty years provided by C.C. 3548 is not applicable. The authentic act of sale partitioned all of the property belonging to the successions. Accordingly, we hold that the prescription provided by C.C. 3542 is applicable.
“For these reasons the plea of five years prescription is maintained and the suit of the plaintiff be and the same is hereby dismissed at their cost.”
The trial court found that the act of conveyance was not a donation omnium bonorum for the reason that the donors did not divest themselves of all their property, and in this finding we concur.
While we concur in the result of the finding of the trial court that the act of conveyance was not a donation, we concur in this finding not for the reason stated by the trial court, but rather for the reason that we find the act of conveyance to be an act of partition. We do, as did the trial court, find that plaintiffs did not divest themselves of all their property, because in the act of conveyance, which, as aforesaid, we find to be an act of partition, plaintiffs received certain property in addition to the transfer to the plaintiffs of the undivided interest of their brothers in the portion coming to said plaintiffs.
*419 The authentic act executed by the plaintiffs (together with their sister who is not a party to this action) on February 23, 1950, contains the following language, to wit: (plaintiffs together with their sister did) “grant, bargain, sell, convey, assign, set over and deliver all their right, title and interest in and to * * * ” the land described therein to their four brothers, and the act of conveyance further provided:
“This sale is made and accepted for good and valuable consideration which the vendors have acknowledged to have received; that is the carrying into effect of the terms of the last wills and testaments of their father and mother, Michele Marcello and Antonia Mar-cello, which said wills are recorded in Book of Wills ‘C’, pages 97 and 99, by which vendor, Virginia Marcello, divorced wife of Nick Benedetto, receives the proceeds of the sale of that certain lot set out in said wills, and vendor, Cecile Marcello Sotile, wife of Anthony Sotile, receives Lots Nos. Twenty-nine (29) and Thirty-six (36) in Square Seven (7), in Suburb Mc-Galliard, together with all improvements tliereon or the property set out in the aforesaid wills, and Mary Marcello Randazzo, vendor, receives the property set out in said will, by act of sale this day executed before George R. Blum, Notary Public, the said vendors, Mary Marcello Randazzo, Cecile Marcello Sotile and Virginia Marcello, each receiving Four Hundred and 00/100 ($400.00) Dollars in cash, as set out in said wills, together with an additional sum of Thirty-three and 33/100 ($33.33) Dollars each, making the cash received by said vendors each the sum of Four Hundred Thirty-three and 33/100 ($433.33) Dollars, in addition to the properties received by them as hereinabove described and set forth. Additionally thereto, as a part of the consideration of this sale vendors are relieved from paying their pro rate share of the'expenses of the last illness of their father and mother, which expenses have been paid and settled in full in equal proportion by the four vendees herein.”
From the conditions and stipulations contained in the authentic act above referred to we gather the following pertinent information. That the reason all the parties entered into this act was to carry into effect the will of their-parents as to a division of the property; that plaintiff, Virginia Mar-cello, in lieu of obtaining title to a certain lot apparently designed to belong to her under the terms of the wills, all parties joined in an act of sale of the property and she, Virginia Marcello, received the consideration paid by the vendee for title to said property; that Mary Marcello, in a separate but contemporaneous act received from all her co-owners title to property as set out in the last wills of her parents; that Cecile Marcello Sotile, also by separate but contemporaneous act received from all her co-owners title to the property described as Lots Nos. twenty-nine (29) and thirty-six (36) in Square Seven (7) in Suburb McGalliard, together with all improvements thereon and being the same property that she was to receive under the terms of the last wills of her parents; that in addition to the property received, or proceeds from sale of property received as in the case of Virginia Marcello, each of the three sisters, including the two plaintiffs, received an additional equalizing consideration, perhaps not in fact equalizing but such to the satisfaction and agreements of the parties thereto, from the other heirs, i. e., the four brothers. This consideration being the sum of $433.33, plus the payment by the four brothers of the two plaintiffs’ and their sister’s pro rata share of the expenses of the last illness of their father and mother.
The above recited facts clearly and unequivocally demonstrate that the intention of the parties thereto was to terminate a state of ownership in indivisión and to divide and partition the common property.
*420 We find in LSA-C.C. Article 1294 that two distinct kinds of partitions exist under our law. We have the voluntary partition and the judicial partition.
Article 1294 provides:
“Partition is voluntary or judicial: “It is voluntary, when it is made among all the coheirs present and of age, and by their mutual consent;
“It is judicial, when it is made by the authority of the court, and according to the formalities prescribed by law.”
Article 1293 provides
“The partition of a succession is the division of the effects, of which the succession is composed, among all the coheirs, according to their respective rights.”
The plaintiffs contend that there must be an equality between the heirs in any partition of the effects owned in in-división by them; that each of the plaintiffs was entitled to receive in a partition an amount equal to one-seventh of the whole. The answer to this contention, and in view of the voluntary nature of the transaction, is that each of the plaintiffs is presumed to have received her share of the property, either in kind or in money. This being a voluntary partition, the matter is left to the determination of the individual to be satisfied with the portion voluntarily received by her as her part of the common property.
The fact that the confection of the partition was fashioned as a sale does not vitiate the intention of the parties to render a division of the common property as it is in fact the nature of the transaction that properly denominates its character.
In the case of Ortego v. Morein (1947) 212 La. 774, we find on page 779, 33 So.2d 516, on page 518, the court observed:
“[4, 5] True, her title was evidenced by a regular credit deed executed by her, her co-heirs and her husband. But as hereinafter shown that transfer must be regarded as an essential step in the confection of a partition among all of the co-heirs, not as a purchase and sale transaction. As to a somewhat similar situation, this court said in Tyson v. Spearman, 190 La. 871, 183 So. 201, 205, that:
“ ‘That next question for our consideration is whether or not the transaction of August 12th, 1919, between the defendants and Chesley Gibson is in fact a partition and not such a title as would support a plea of prescription of ten years acquirendi causa as was held by our learned brother below.
“ ‘As stated in the case of Tippett v. Jett, 3 Rob. 313, “ * * * whatever may be the form of the act, it is well settled, that every first state of indivi-sión is terminated, is, in substance, a partition;” and, as expressed in the syllabus of the case of Westover v. Aime, 11 Mart., O.S. 443, “if heirs in dividing the property of their ancestor, held in common, pass an act of sale to each other, it will be regarded not as a sale but as a partition.” See, also, Corpus Juris, Volume 47, p. 267.’ ”
This was the first transaction between the heirs for the division and settlement of the affairs of this succession. Considering this fact, together with the attributes of a partition and the acts accomplished by this agreement, we find that the transaction and act of conveyance under consideration and attack in this suit to be a partition.
Inasmuch as this is a suit then to rescind the partition entered into between plaintiffs and defendants on February 23, 1950, and this suit was filed on December 21, 1963, or a period in excessive of thirteen *421 years, we hold that the prescriptive period of five years provided for by LSA-C.C. Article 1413 and Article 3S42 to be controlling.
For the reasons assigned, the judgment of the trial court is affirmed, at Plaintiff-Appellants’ costs.
Affirmed.