297 So.2d 784 (1974)
Succession of Dr. Charles J. MIANGOLARRA.
No. 5774.
Court of Appeal of Louisiana, Fourth Circuit.
June 26, 1974.
Rehearing Denied August 5, 1974.
Writ Refused October 18, 1974.
Midlo & Lehmann, Rene Lehmann, New Orleans, for succession-appellee.
Liskow & Lewis, William R. Pitts, New Orleans, for plaintiffs-appellees.
Skinner & Curry, Robert J. Skinner, Metairie, for defendant-appellant.
Before BOUTALL, J., and LEON and NOBILE, JJ., Pro Tem.
AUGUST A. NOBILE, Jr., Judge Pro Tem.
The parties to this appeal are the sole heirs of the deceased, Dr. Charles J. Miangolarra. The decedent is survived by his widow, Maria Basta, the appellant, and his *785 two daughters by his first marriage, the appellees, who shared with the decedent in the succession of their mother who died in 1955.
On a Motion to Traverse the detailed descriptive list filed by the testamentary executor of the succession, who assumes the role of an observer on appeal, there was judgment by the Civil District Court, S. Sanford Levy, District Judge, whereby the descriptive list was altered to declare as separate property of the deceased a parcel of immovable property on De Montluzin Street in the City of New Orleans. By that same order a parcel located on Bancroft Drive in New Orleans was declared to be part of the community of acquets and gains of the marriage between the decedent and the widow, Maria Basta (who had intervened in the trial court proceeding).
It appears from the documents in the record and the testimony that the facts as found by the district court are correct.
In 1955 the first wife of Dr. Miangolarra died and in her succession proceeding the decedent and his two daughters, the appellees herein, were placed in possession of certain immovable property: (1) a tract in the Parish of St. Tammany and (2) a residence on De Montluzin Street in New Orleans. Their ownership was in indivision, one-half interest to Dr. Miangolarra and one-half interest to the two daughters in each. The decedent took his interest in these properties into his second marriage as his separate property.
Subsequent to the decedent's marriage to the appellant a pair of apparent contracts for sale were entered into between the decedent and his daughters by which for the recited consideration of $10,000.00 the one-half interests in the two parcels (De Montluzin Street and St. Tammany) were exchanged. This Court looks upon this transaction, as did the district judge, as a partition despite the mention of consideration. Therefore, the De Montluzin Street residence and lot received by Dr. Miangolarra in this exchange is to be viewed as the property of his separate estate.
The overriding principle of our law applicable in this case is the same applied in Kittredge v. Grau, 158 La. 154, 103 So. 723 (1922) where the Supreme Court determined that a similar and, in fact much more complicated transaction, whether it be called a payment, a sale, or an exchange, would amount to and should be ruled to be an exchange. In the case under consideration which presented a less complicated situation there was a partition involving no funds or property of the second marital community and, for whatever purposes of the recordation laws may be served by a mention of consideration, the De Montluzin property became the separate property of Dr. Miangolarra.
"It is well settled that where separate property of the husband or wife is given in exchange for other property, the property so received in exchange partakes of the same characterthat of separate property." Kittredge v. Grau supra at p. 725. See also: Slaton v. King, 214 La. 89, 36 So.2d 648 (1925); Dillon v. Freville, 129 La. 1005, 57 So. 316 (1912); and Troxler v. Colley, 33 La.Ann. 425 (Ct. of App., Orleans, 1881).
This Court is particularly impressed with the decision of the Supreme Court and the First Circuit respectively, in Stone v. Jefferson, 196 La. 1057, 200 So. 461 (1941) and Marcello v. Marcello, 178 So.2d 417 (La.App. 1st Cir. 1965). The transactions are too closely analogous to be ruled otherwise.
It is noted that the decedent looked upon this transaction as a partition because he so states in his last will and testament homologated by the trial court: "After the death of my first wife, I made a partition with my children in which I acquired the entire ownership of the property 4640 De Montluzin Street." This court is compelled *786 to conclude that this is clear evidence that there was no actual exchange of cash funds.
Appellants argue that there is a false distinction between real estate and cash, as separate property, which is the essence of the trial court's ruling with respect to the De Montluzin Street property as separate, while the Bancroft Drive property is part of the community. Such is not the case.
The transaction evidencing the partition of the De Montluzin Street property involved only one party to the community. Only Dr. Miangolarra was a party to the transaction with his daughters where in the space of a few hours an interest in the titles to Orleans Parish property and St. Tammany Parish property were exchanged.
The purchase of the Bancroft Drive property is an entirely separate and distinct type of transaction. Appellant urges at great length the activities prior to her marriage leading up to the purchase of what is called lot 10 on Bancroft Drive purchased within hours after her marriage to decedent in both of their names and the record does show that prior to her marriage of June 8, 1957 Maria Basta entered into an agreement to purchase Lot 10, Square 46, Oak Park Addition, Orleans Parish. The significant consideration is the fact that the act of sale was executed subsequent to such marriage. Also, there is no dispute as to the fact that the purchase was in the names of both Dr. Miangolarra and his wife and that there was no declaration that the property was intended to be the separate property of the wife. The fact that separate funds of the wife were used for the purchase does not per se change the nature of the transaction as a community purchase. Under different circumstances it may have been a deciding factor in judging the property separate or community, but under the circumstances existing in this case it merely indebts the community to the separate estate of the spouse to the extent of the funds expended.
Accordingly, we affirm the trial court in declaring the original Lot 10 on Bancroft Drive to be the property of the community of acquets and gains of the marriage between Maria Basta and Dr. Charles Miangolarra, relying upon the cases cited by the appellees, including Ford v. Ford, 1 La. 201 (1830), Betz v. Riviere, La.App., 29 So.2d 465, Lotz v. Citizens Bank & Trust Co., 17 So.2d 463 (La.App., 1st Cir.). The law is clear that it does not matter in whose name between the spouses the title is taken, the presumption remains until rebutted by proper proof, that the property purchases during the course of the marriage is community property. Lotz v. Citizens Bank & Trust Co., supra. We find no proof that the property was separate, but only evidence that separate funds were used in the purchase. We feel compelled to mention that we see no merit in the self-serving ex post facto testimony that Mrs. Miangolarra intended this property to be an investment for her separate estate, where the admitted parties to the sale as purchasers contradict such a contention. We simply do not find the arguments on the proof so convincing as to rebut the presumption. See: Lotz v. Citizens Bank & Trust Co., supra.
As to the segment added to the Bancroft Drive property comprising lot 10A, which was a purchase of the former Pressburg Street right-of-way, we find no evidence at all that this parcel was other than community property.
We therefore affirm the finding of the trial court that the property on De Montluzin Street is part of the separate estate of Dr. Charles Miangolarra and that the property on Bancroft Drive is part of the community of acquets and gains. We remand this matter to the District Court to be executed in accordance with this ruling and for other proceedings necessary to the final disposition of this succession.
Affirmed and remanded.