McCALEB, Justice.
 

 Plaintiff has appealed from a judgment dismissing her suit on an exception of no cause of action. Her main demand is for judicial recognition of a servitude of passage! over certain driveways on the land adjoining'' her property in order that she and her-tenant may have free access to the gará^es'on-the rear-of her lot.
 

 The pertinent allegations of the petition are that defendant, Charles W. Harris, owned two adjoining lots' of improved property in Square No. 641 of the Seventh District of New Orleans, which are designated as lots “M” and “O” on a survey dated February 14, 1939; that, on that date, Harris sold lot “M” and improvements (consisting of a double cottage) to Mrs. Amelia Stierwald Rainey; that, inasmuch as lot “M” fronts on the right of way of the L. & A. Railroad and the Airline Highway (which is a muddy, unpaved street at that point), it was provided in the agreement of purchase that Harris' would grant a servitude across lot “O” for perpetual use as a driveway to serve the two garages situated on lot “M”; that, despite this agreement, Harris failed and neglected to have the servitude inserted in the act of sale to Mrs. Rainey; that, nevertheless, the servitude was used by Mrs. Rainey and her tenant; that, thereafter, on July 8, 1944, Harris entered into a written agreement to sell lot “O” to Reynold A. Thibault, which contained the following provision: “This property sold and purchased subject to vendor’s previous agreement to allow owner and tenant of house directly in rear use of driveway for entering and leaving their garages” ; that, notwithstanding the quoted stipulation, the defendants thereafter failed and neglected to- include it in the act of sale transferring title to Thibault, which ■ was passed on August 21, 1944; that, nevertheless, Mrs. Rainey and plaintiff continued,to use the servitude-established on lot'70” aft
 
 *44
 
 er Thibault obtained title to and possession of the property; that Mrs. Rainey died and plaintiff was recognized as her heir and placed in possession of lot “M” by judgment of court dated April 1, 1945 and that, while plaintiff and her tenant were exercising the right of passage over the driveway on lot “O”, she was notified by Thibault’s attorney, in a letter dated April 14, 1945, to discontinue use of the driveway as Thibault was preparing and had made plans to use that portion of his property for other purposes.
 

 Plaintiff alleges that Thibault is without right to prevent the further use of the servitude by her and her tenant; that the front of her property, being located under the bridge of the Airline Highway over the New Basin Canal, is without means of ingress and egress due to the fact that dampness and water dripping from the bridge keeps the street in a soft and muddy condition so that it is impossible for her to enter her property with an automobile from the front thereof or from any direction other than over the land of Thibault; that, therefore, she desires that her right to a perpetual servitude over the driveway situated on Thibault’s lot be validated; that judgment be rendered ordering Thibault to execute a notarial act recognizing the servitude and that, in view of the fact that he is planning to close the driveway by constructing a garage thereon, he should be permanently'enjoined and restrained from so doing or in any way annoying, preventing or interfering with the use of the servitude by the occupants of her land. She further prays in the alternative that, in the event the court does not recognize the claimed servitude of passage over the property of Thibault, she is entitled to recover $2500 damages against Harris for his failure and neglect to carry out his agreement with Mrs. Rainey (plaintiff’s author in title) in accordance with the contract dated February 24th 1939.
 

 The exception of no cause of action is founded primarily on the theory that, since a right of passage over property of another is a discontinuous predial servitude'(Article 727 of the Civil Code) and can be established only by title (Article .766) except in the instances provided for by Article 699 et seq., plaintiff’s suit should be dismissed as she fails to allege either a conventional title or a state of facts from which a servitude could be imposed by law.
 

 Plaintiff, on the other hand, maintains that she is entitled to the recognition' of the existence of a servitude for all or any one of the following reasons:
 

 (1) That, since she has alleged that she has no means of entry into her property from the Airline Highway and that she can only reach her garages by driving over Thibault’s lot, she has a right of passage under article 699 of the Code;
 

 (2) That a servitude was created by the natural situation of lots “O” and “M” under articles 660 through 663 of the code;
 

 
 *45
 
 87
 

 88
 

 (3) That, since Harris had established a right of passage over lot “O” in favor of lot “M” prior to the division of the property by the sale to Mrs. Rainey, it was a destination du pere de famille and
 

 (4) That the provision in the agreement of sale and purchase between Thibault and Harris, that the property is acquired subject to Harris’ previous agreement to allow the owner and tenant of the house situated on lot “M” to use the driveway for the purpose of entering and leaving their garages, was a stipulation pour autrui under articles-1890 and 1902 of the Code which could not be revoked to the prejudice of plaintiff without her consent.
 

 We find no merit in the first three contentions made by plaintiff. Even if we assume that Article 699 of the Code is applicable to city property and that Article 719 is not controlling, plaintiff fails to make a case under that article as she does not offer to indemnify Thibault for the damage he may occasion by her continued use of the driveway.
 

 A reading of articles 660 through 663, which relate to servitudes arising from the natural situation of the places, makes it clear that they are not pertinent here as the servitudes dealt with in those provisions do not embrace the servitude of passage.
 

 Nor did the alleged establishment by'Harris of a right of passage in favor of lot “M” over lot “O” constitute a destination du pere de famille. The destination made by the owner is equivalent to title only with respect to continuous apparent servitudes such as aqueducts, drains, view and the like. Burgas v. Stoutz, 174 La. 586, 141 So. 67. The right of passage is a discontinuous servitude and can be established only by title. Civil Code, Articles 727 and 766.
 

 On the other hand, we are in agreement with plaintiff’s contention that the provision in the contract between Harris and Thibault (that the property is sold and purchased subject to the right of the owner and tenant of the property in rear to use the driveway of lot “O”) is a stipulation pour autrui which could not be abrogated by the failure of Harris and Thibault to include it in the subsequent act of sale.
 

 Article 1890 of the Civil Code provides: “A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consent to avail himself of the advantage stipulated in his favor,
 
 the contract can not he
 
 revoked.” (Italics ours.)
 

 And Article 1902 declares: “But .a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated, in his favor without his consent.”
 

 Since Mrs. Rainey, plaintiff’s author in title, had not acquired a predial servitude
 
 *46
 
 of passage due to the failure to include it in the act of'transfer from Harris, the mere use by her and her tenant of the driveway situated on lot “O” did not place upon Harris a legal obligation to protect her right of passage when he agreed to sell lot “O” to Thibault. Therefore, the provision contained in the contract of sale and purchase between Harris and Thibault can be viewed only as a stipulation pour autrui as it is obviously not an obligation in favor of Harris but is solely for the benefit of the owner and tenant of the adjoining property. Compare Moriarty v. Weiss, 196 La. 34, 198 So. 643, and cases there cited.
 

 In concluding that the stipulation in the contract is one falling within the provisions of Article 1890 and 1902 of the Code, we are well aware of the fact that, if the benefit established in the agreement be regarded as a predial servitude rather than a personal servitude, it cannot be sustained because stipulations pour autrui are advantages in favor of persons and not estates. And we are not unmindful of Article 709 of the Code which seems to forbid the conventional establishment of a servitude in favor of a person. However, that article cannot be reconciled with Articles 757 and 758 which are contained in Section 2 of Chapter 4 of Title IV dealing with the establishment of servitudes and which provide directly to the contrary. This court recognized the existing conflict in Frost-Johnson Lumber Co. v. Sailing’s Heirs, 150 La. 756, 91 So. 207, 245, where it was declared: “And with these conflicting provisions before us we cannot say that the law clearly prohibits the creation of a servitude upon lands in favor of a person
 
 and Ms heirs.
 
 And hence the intention of the parties should govern in such matters.”
 

 Thus, the creation of a personal servitude by convention will be approved provided, of course, that it does not contravene the public order. Whether the stipulation pour autrui in the instant matter establishes more that a personal right of passage to plaintiff and her tenant we need not here decide as the conclusion that a personal enforceable right has been created is sufficient to maintain the cause of action.
 

 Much has been said by counsel for defendants with respect to the right of Harris and' Thibault to revoke the stipulation in' favor of plaintiff and that they did revoke’ it by their failure to include it in the authentic act by which title was transferred.
 

 This postulation loses sight of Articles 1890 and 1902 of the Code providing that a stipulation in favor of a third person cannot be revoked where the beneficiary has consented to avail himself of it. Here, plaintiff has alleged the acceptance of the stipulation for she asserts that she has used the 'driveway continuously — even subsequent to the acquisition by Thibault of title to lot “O” and she seeks an injunction to prevent him from interfering with her use. That parol evidence is admissible ho establish the acceptance- of a stipulation
 
 *47
 
 pour autrui is well settled by this court. See Vinet v. Bres, 48 La.Ann. 1254, 20 So. 693, where it was held that the question of whether a stipulation in a deed for the advantage of a third person has been availed of “is a question of fact which must be ascertained from contemporaneous and surrounding circumstances, and is not- confined to the recitals of the act on which the obligations of the contracting parties are to be found.” See also Muntz v. Algiers & G. R. Co., 114 La. 437, 38 So. 410, citing Vinet v. Bres with approval; Twichel v. Andry, 6 Rob. 407, 410 and Bell v. Lawson, 12 Rob. 152.
 

 Counsel for defendants declare that the executory contract between Harris and Thibault is not a title in plaintiff’s favor as contemplated by Article 766 of the Code, providing that discontinuous servitudes “can be established only by a title.”
 

 Article 766 applies to predial servitudes as distinguished from those purely personal. However, if it be assumed that the stipulation in the defendants’ contract conveys a real right in favor of the'plaintiff, it unquestionably evidences a title as it is in writing and has been signed by the persons making the grant. Article 2275 of the Code merely requires that transfers of immovable property be in writing. This agreement fully proves itself and is not dependent upon the admission of parol evidence for its establishment.
 

 •Defense counsel further contend that plaintiff cannot recover on. the executory contract in her favor as recognition of the contract would necessarily vary and alter the authentic act by which Thibault acquired title to the property and, consequently, violate Article 2236 of the Code declaring that the authentic act is full proof of the agreement contained therein.
 

 This proposition is not tenable. In the first place, plaintiff is hot attempting to vary the authentic act. She is seeking enforcement of a privilege stipulated by defendants in her favor, of which she could not be deprived (after her acceptance) by the execution of the authentic act. The defendants are the parties making the stipulation; they are not third persons protected by the .laws of registry. Furthermore, there is no valid reason for saying that plaintiff is bound by the authentic act. She is not a party to the act and cannot be affected by the recitals therein contained.. Article 2236 applies only “against the contracting parties and their heirs or assigns * * *
 

 We conclude that plaintiff has stated a cause of action against both defendants for the recognition and enforcement of the stipulation made in her favor. Accordingly, it was error to dismiss her suit on the exception.
 

 The judgment sustaining the exception of no cause of action of the defendants is reversed; the exception is overruled and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not incon—
 
 *48
 
 sistent with the views herein expressed. The costs of this appeal are to be borne by defendants. All other costs to await final determination of this suit.
 

 HAMITER, J., dissents and assigns' written reasons.
 

 HAWTHORNE, J., dissents.