REGAN, Judge.
Plaintiffs, Mr. and Mrs. Wilson C. Bourg, the owners of a building housing eight apartments, designated by the municipal *677 No. 615 Exposition Boulevard, instituted this suit against the defendants, Audubon Park Commission, City of New Orleans, Mrs. Richard A. Monaghan and her son, Richard A. Monaghan, Jr., the latter, owners of property designated as 611 Exposition Boulevard, endeavoring to obtain initially a “right of passage” over Exposition Boulevard (park property) and into Patton Street, in conformity with the provisions of Ordinance No. 10,353, C.C.S., adopted February 27, 1928, together with an injunction restraining the City and' the Commission from interfering with the use thereof by plaintiffs; alternatively, plaintiffs contend that they are entitled to a “right of passage” over the rear of the Monaghan property, which is situated between plaintiffs’ property and Patton Street; in the last alternative, plaintiffs request that the court interpose its wisdom and fix an equitable passage to a public roadway.
Defendant, Mrs. Monaghan (it is conceded that her son is not a proper party defendant) pleaded various exceptions which were dismissed and then answered asserting that the plaintiffs should be granted a right of passage along Exposition Boulevard to Laurel Street. In the alternative, she insists that they should be denied a right of passage accommodating vehicular traffic over Exposition Boulevard or through' the rear of the Monaghan property since the plaintiffs already enjoy a pedestrian right of passage by virtue of the existence of a sidewalk parallel to Exposition Boulevard.
Defendant, Audubon Park Commission, answered and denied that plaintiffs are entitled to use Exposition Boulevard for a passageway and asserted that Ordinance No. 10,353, C.C.S., was limited in its application to a particular condition which arose in a restricted area at a specific time; that the City was, in fact, incapable of adopting such an ordinance in view of the militant provisions of Section 3 of Act No. 191 of 1914, which created and gave full control of Audubon Park to the Commission; that if the plaintiffs are entitled to any right of passage it exists over the rear of the Monaghan property. In the final alternative the Commission insists that. if the court should decide upon a passageway through Audubon Park (Exposition Boulevard) it should exist over the shell road which enters the Park from Laurel Street.
Defendant, City of New Orleans, appeared and answered substantially to the same effect, pointing out that its council had clearly manifested both its intention and policy not to extend the application of the aforementioned ordinance one iota; however, the City did assert, in opposition to the Commission’s contention, its inherent right to adopt such an ordinance, but this dispute between the City and the Commission is not at issue herein.
From a judgment in favor of defendants dismissing the suit of plaintiffs, they have prosecuted this appeal.
The record discloses a stipulation which, to all intents and purposes, encompasses the factual aspects of this suit.
It should be noted at the outset that the appellation “Exposition Boulevard”, the significance of which is colloquially understood, is, in fact, a misnomer. Exposition Boulevard is not a street or thoroughfare in any sense. It is simply a part of the perimeter of Audubon Park, whereon a sidewalk exists for the accommodation of pedestrians. Patton is a dead end street, the termination of which is at Exposition Boulevard, as are several other similar streets. Thus, between St. Charles Avenue and the Mississippi River there is vehicular access to the Park only through the medium of Prytania, Magazine, Laurel and Tchou-pitoulas Streets and all others are closed to this form of traffic.
In 1923 the Monaghans purchased a large plot of ground forming the comer of Exposition Boulevard and Patton Street. Shortly thereafter, they erected No. 611 Exposition Boulevard on the corner portion thereof, wherein they resided. In 1927 they erected No. 615 Exposition Boulevard which houses eight apartments and which is located next to their residence. *678 In 1951 the Monaghans sold this building to Mr. and Mrs. Samuel A. Antin, Jr., who, in 1952, sold it to the plaintiffs and in neither of these acts of sale was a right of way or conventional servitude reserved or granted across the rear of the Monaghan property. Therefore, the property designated as 615 Exposition Boulevard was effectively “fenced in” insofar as being accessible to vehicular traffic was concerned. However, from 1927 to 1952 the Monaghans permitted the occupants of 615 Exposition Boulevard, which is now owned by the plaintiffs, to use their rear yard as a vehicular passageway to and from Patton Street; sometime in 1952 an enmity developed between the owners of these properties and as a result thereof Mrs. Mon-aghan informed the plaintiffs that she would no longer permit a vehicular right of passage to exist and to substantiate this ultimatum she erected a fence which effectively obstructed the previous passageway.
Thereafter the plaintiffs sought relief from the Commission Council of the City of New Orleans and the Audubon Park Commission by requesting permission to use that portion of Audubon Park adjacent to the sidewalk of Exposition Boulevard as a passageway into Patton Street; both the Commission and the City of New Orleans denied plaintiffs’ request and, as a result thereof, this litigation ensued.
Plaintiffs have emphasized both in brief and in oral argument before this court that they do not now rely on Ordinance No. 10,-353, C.C.S., for relief, they simply contend that the right of passage to which they are entitled exists by virtue of LSA-Civil Code Articles 699, 700, 701 and 702 and that it is an alternative right, i. e., they have the right to select a passageway either from the Park or from Mrs. Monaghan, and their preference is a passage over Exposition Boulevard into Patton Street.
Defendants, City of New Orleans and the Audubon Park Commission, in opposition thereto, maintain (a) that the ruling of the trial court denying plaintiffs a vehicular right of passage over any portion of Audubon Park or the Monaghan property was correct and should,' accordingly, be affirmed; (b) that if a passage for vehicular traffic, is granted to the plaintiffs it-should be over the Monaghan property; and (c) if, in the final analysis, the Park property must be used to afford a passageway, Patton Street- should not be opened.
Defendant, Mrs. Monaghan, insists (a) that Ordinance No. 10,353, C.C.S., grants a right of passage to all property facing Exposition Boulevard from Magazine Street to the Mississippi River and since plaintiffs’ property is within this area they now possess a right of passage over Exposition Boulevard to either Patton or Laurel Street and, therefore, the articles of the LSA-Civil Code relied upon by plaintiffs may not be invoked; and (b) that the aforementioned articles of the LSA-Civil Code upon which plaintiffs predicate their legal right to relief have no application to “City lots but * * * apply to country estates and must be so limited.”
Since the pleadings and the evidence discloses that the plaintiffs’ property is entirely inclosed to vehicular traffic by the properties of others, the only question which is posed for our'consideration is one of law and that is whether plaintiffs must be granted a right of passage and, if so, from whom ?
We are of the opinion that the beneficent provisions of Ordinance No. 10,353, C.C.S., adopted February 27, 1928, are inapplicable to the plaintiffs’ property as a reading thereof, together with the facts disclosed herein, will reveal. It reads:
“An Ordinance granting to the property owners along that section of Audubon Park known as Exposition Boulevard thirty feet next to same as a means of ingress and egress used for the past twenty years.
“Whereas, the property owners on Exposition Boulevard from Magazine Street to South Front Street have been using Exposition Boulvard as a means *679 of ingress and egress to their residences as pedestrians and vehicular purposes, and
“Whereas, the said property owners have been threatened with the exclusion of this right.
“Section 1. Be it, therefore, ordained by the Commission Council of the City of New Orleans, That the property owners fronting on Exposition' Boulevard who have no other means of ingress and egress bé and they are hereby granted the privilege to the right to use the said space directly in front of and adjacent to their homes for a width of thirty feet from their property line for a means.of ingress and egress to their residences for pedestrian and vehicular purposes, provided, that nothing in this ordinance shall be construed to grant a property right and that the privilege granted herein shall be revocable at the pleasure of the Commission Council of the City of New Orleans or its successors hereafter.”
The trial court found as a fact that both the City and the Audubon Park Commission refused the plaintiffs a passageway .or access to their property predicated upon the provisions of this ordinance. We believe the City and the Commission had a perfect right to do this since the ordinance was inapplicable to plaintiffs’ property.
The trial court found and the record confirms its finding that- no one in this block, nor anyone else residing on Exposition Boulevard, has ever used the property of Audubon Park as a vehicular passageway, except an extremely limited number of houses in the two blocks on either side of Laurel Street.
The ordinance, therefore, gives no such right or privilege to plaintiffs or the occupants of their building. By its title and its intent it is limited to those people who, for the past twenty years (prior to 1928) had used the Park as a means of ingress and egress. It was passed in an effort to offer some protection to these - people. The plaintiffs’ building was not in existence at that time. Briefly, the Ordinance is limited, in its application, to a particular condition which arose in a restricted area at a specific time. Therefore, plaintiffs are not entitled to a passageway over Park property predicated upon this Ordinance.
We are of the opinion that LSA-Civil Code, Article 701 precisely encompasses the facts as disclosed by the record. It reads:
“Inclosure through sale, exchange or partition — Location of way. — It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of salé, exchange or partition, the vendor, coparcener or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude.”
The foregoing article is mandatory, it affords plaintiffs no alternative passage way — it simply provides that when the owner of a portion of land sells a part thereof, and that part becomes inclosed in consequence of the sale, the vendor must afford a gratuitous passageway over the unsold or retained portion thereof. This" is precisely the factual situation which the Monaghans created and, therefore, a servitude is imposed by law, accordingly, they must afford plaintiffs not only a pedestrian right of passage, but also a vehicular right of passage over the rear of the Monaghan property in conformity with LSA-Civil Code, Article 702 which provides:
“Extent of user of way. — A passage must be furnished to the owner of the land surrounded by other lands, not only for himself and workmen, but for *680 his animals, carts", instruments of agriculture, and every thing which may be necessary for the use and working of his land.”
Imposing this servitude on the property of Mrs. Monaghan in favor of the property of the plaintiffs creates no hardship, as the servitude had been actually used by the Occupants of plaintiffs’ property for twenty-five years and the roadway is still available obstructed only by a fence.
Defendant, Mrs. Monaghan, as we related hereinabove, contends that LSA-Civil Code Article 699 et seq. have no application to “city lots but * * * apply to country estate and must be so limited” and cites as authority in support of this assertion inferential dicta extracted from the case of Mallet v. Thibault, 1947, 212 La. 79, 31 So. 2d 601, 603, which reads:
“Even if we assume that Article 699 of the Code is applicable to city property and that Article 719 is not controlling, plaintiff fails to make a case under that article as she does not offer to indemnify Thibault for the damage she may occasion by her continued use of the driveway.”
A careful reading of the foregoing case together with the dissent therein will reveal that the precise holding of the ratio decidendi thereof was that plaintiffs’ petition stated a cause of action against both defendants for the recognition and enforcement of a stipulation pour autrui in her favor. Accordingly, it was error to dismiss plaintiff’s suit on an exception of no cause of action. Therefore, the judgment sustaining the exception was reversed and the case was remanded for further proceedings not inconsistent with the views therein expressed. It may be cited as a guide or authority for nothing more.
A historical analysis of LSA-Civil Code, Articles 699 through 708, appearing under Title IV “Of Predial Servitudes or Servitudes of Land”, Chapter 3 “Of Servi-tudes imposed by Law”, Section S “Of the Right of Passage and of Way”, causes us to conclude that the rationale thereof is applicable, and the redactors of the code so intended, to urban as well as rural property.
In Perry v. Webb, 1869, 21 La.Ann. 247, the Supreme Court had occasion to consider the applicability of (C.C. Art. 695, Code of 1825) C.C. Art. 699, Revised Civil Code of 1870, to property located in the City of New Orleans at Washington Avenue and Music Street and only denied plaintiff a right of passage over defendant’s property to Washington Avenue because plaintiff had access to her property over her own lots on Music Street.
The opinion of the Court in the foregoing case lends conviction to our conclusion that LSA-Civil Code, Article 699 et seq. are applicable to urban as well as rural property.'
For the reasons assigned the judgment appealed from insofar as it dismisses the plaintiffs’ suit against Mrs. Monaghan is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiffs, Mrs. Lillian M. Nunez, wife of Wilson C. Bourg and Wilson C. Bourg, and against the defendant, Mrs. Wilhelmina Schmidt, widow of Richard A. Monaghan, imposing the servitude of passage over the rear of Mrs. Mon-aghan’s property where it originally was permitted to exist by Mrs. Monaghan and in favor of the property of the plaintiffs, and for all costs.
In all other respects the judgment appealed from is affirmed.
Affirmed in part; reversed in part.