WATSON, Judge.
Plaintiff, Austin J. Patin, is the owner of a camp in the community of Holly Beach, Cameron Parish, Louisiana. Mr. Patin’s camp is located on a lot measuring SO' wide and 135' deep. His camp faces the Gulf of Mexico on the south and is bordered on the north by the property of defendant, Dennis S. Richard. To the north of Mr. Richard’s property is the property of Harold Savoie. Both Mr. Richard and Mr. Savoie also have camps on their property. Mr. Savoie’s property is 50' wide and 27(4' deep. It is bordered on the north by the nearest public road, Louisiana Highway 82, Johnson’s Bayou Road. All three property owners are bordered on the east by the property of Mr. A. J. (Bebe) Reaux, whose property extends from the highway to the Gulf. To the west of the three property owners is a strip of land owned by Mr. Richard, which runs between the highway and the Gulf. On this property are three camps which Mr. Richard rents. These three camps are built close to the eastern property line leaving about 18' between them and the camp that Mr. Richard uses personally. The western part of Mr. Savoie’s property has been used by Mr. Richard to gain access to his personal camp. Plaintiff Patin was also in the habit of using the ■western part of Mr. Savoie’s property and the western part of Mr. Richard’s property to obtain access to his camp. This arrangement existed for many years until the Richards and the Patins became involved in a series of disputes involving the Patins or their guests blocking the Richard’s driveway. Two employees of the Cameron Parish Sheriff’s department were called on several occasions to move cars from the Richard’s driveway. Mr. Richard then built a fence on the southern boundary of his property cutting off Mr. Patin’s customary access to his camp. There is a beach road to the south of Mr. Patin’s property, but it is often under water and generally does not offer satisfactory passage for vehicles.
After Mr. Richard constructed his fence, plaintiff Patin filed this suit alleging that his camp property is an enclosed estate; that the shortest and most direct route from his enclosed estate to a public road is across the property of defendant Richard; and that he and his ancestors in title have used a driveway across defendant Richard’s land in excess of 35 years. He asked that he be granted right of passage *881 and that the amount of the damage caused by the servitude to defendant Richard be fixed.
The trial court, after hearing the witnesses and viewing the property in question, denied plaintiff the servitude requested and dismissed his suit. The trial court found that the right of passage requested would seriously inconvenience Mr. Richard in the use and enjoyment of his property. Further, the trial court pointed out that it was impossible to grant a passage to the public road, since such a passage would have to cross Mr. Savoie’s property as well as that of Mr. Richard and Mr. Savoie was not made a party to the suit. The trial court also stated that plaintiff could use the adjoining property of Mr. Reaux (his brother-in-law) almost as easily as that of defendant Richard. Mr. Patin has in fact been using this property to gain access to his camp during these proceedings. The court stated in its written reasons for judgment that the right of passage requested “. would restrict defendant’s right to the use and enjoyment of his own property. The use of the Reaux property would create a far less burdensome imposition upon that owner with no measure-able difference in convenience as far as plaintiff is concerned.” (TR. 46).
The trial court’s description of the properties (stipulated to be correct by the parties) and the trial court’s sketch of the area in question are reproduced here as they appear at TR. 41 and 42:
“Both plaintiff’s and defendant’s lots, situated in Cameron Parish, Louisiana, commence as follows:
“Beginning at a point located as follows : Commencing at the shore line of the Gulf of Mexico, in Section 12, Township 15 South, Range 11 West, at the point where the East line of the West one-half of the Northwest Quarter (Wj^ of NWJ4) of said Section 12, intersects said shore line, thence along the East line of said West one-half (Wl4) of Section 12, Northward to the center line of Cameron-Hackberry Highway, thence Westward along the center line of said Highway 4858.2 feet to the center line of the Johnson Bayou Road, thence Southward along the center line of said Johnson Bayou Road 396.3 feet, thence Westward along the center line of said Johnson Bayou Road a distance of 2420 feet.
“Plaintiff’s lot is then further described:
“From this point, thence running South a distance of 145 feet, for the point of beginning. Said point of beginning being 145 feet South of the Northwest Corner of that certain tract of land sold by vendor herein to Ferdinand Reaux, thence from said point of beginning running in a Westerly direction on parallel line with said Johnson Bayou Road 50 feet, thence South to the shore line of the Gulf of Mexico a distance of 115 feet, more or less, thence Easterly along the shore line of the Gulf of Mexico 50 feet, thence North along the West line of the property of Ferdinand Reaux 115 feet, more or less to point of beginning.
“Defendant’s lot is further described:
“Thence South to a point 57^/z feet South of the South line of the Johnson Bayou Road for a point of beginning, said point of beginning being 8feet South of the Northwest Corner of tract of land sold to Ferdinand Reaux, thence from said point of beginning running in a Westerly direction on a parallel line with the said Johnson Bayou Road, a distance of 50 feet, thence running South a distance of 65 feet to a point 115 feet South of the South line of said Johnson Bayou Road, thence running in *882 an Easterly direction parallel with the South line of said road, a distance of 50 feet to the property formerly sold to Ferdinand Reaux, thence running North along the West line of said Ferdinand Reaux property, a distance of 57}4 feet to point of beginning.
“My sketch of the area, not to scale, follows :
(TR. 41)

It was stipulated between the parties that their property was owned by a common ancestor in 1949. When land is enclosed as a result of sale or partition, LSA *883 -C.C. art. 701 applies. This article reads as follows:
Art. 701. Location of servitude where property enclosed as result of sale or partition
Art. 701. It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, co-parcener or other owner of the land reserved, and upon which the right of passage was.before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude.
The trial court did not apply this article of the code “. . . because from the descriptions themselves it is obvious that all the property that surrounds plaintiff has a common ancestry. Whatever obligation is owed under Article 701 by any lot adjacent to plaintiff’s is owed equally by all the other adjacent lots,” (TR. 44 — 45).
Plaintiff Patin has appealed from the adverse judgment of the trial court, alleging that the trial court erred in failing to grant him a servitude of passage over the already existing driveway leading from the nearest public road to his enclosed estate. Plaintiff also argues in brief that it was not necessary to name Mr. Savoie as a party defendant, because Mr. Savoie has not objected to plaintiff passing over his land and making him a party defendant would be a vain and useless act.
We believe that the trial court’s interpretation of LSA-C.C. art. 701 does not take into account the phrase “. upon which the right of passage was before exercised,”. This phrase indicates that the land which owes the servitude is that upon which it has existed in thfe past. Mr. Savoie, an attorney in Lafayette, stated in his deposition, introduced into evidence by plaintiff, that the western side of his property and the western side of Mr. Richard’s property had been used as a passage by “. . . whoever the owners were at different periods of time,” (TR. 22).
* * * * * *
“. . . they all used the western side or followed the western line of that lot and they would back and park on the south side of their various camps to leave the distance between their camp and the fence as an access to the rear property and not to block whoever was at the end.” (TR. 23, 24). He also stated that his property, that of Mr. Richard and that of Mr. Patin were all at one time part of a tract 50' wide and 230' deep owned by the Constantin family, and that all three lots were acquired from this family at about the same time.
The right of passage is a discontinuous servitude which generally may be established only by title or by judicial decree. Estopinal v. Storck’s Estate, 44 So. 2d 704 (La.App.Orl.1950); LSA-C.C. art. 727. Here, any servitude which exists is also non-apparent, as the photographs in the record indicate that the driveway in question is unimproved. The testimony also establishes that although the ground there is hard and packed down from use, it does not have gravel or shell on it. LSA-C.C. art. 728 ; 29 La.L.R. 1 at page 41. However, it has been held that LSA-C.C. art. 701 is mandatory and imposes a servitude by law. Bourg v. Audubon Park Commission for City of New Orleans, 89 So.2d 676 (La.App.Orl.1955) ; writ of certiorari denied. In Brown v. Terry, 103 So.2d 541 (La.App. 1 Cir. 1958), the court stated that “. . . the right of passage comes into being through operation of law, there being no necessity for any conventional agreement.” 103 So.2d 547; LSA-C.C. art. 674. The court in Brown v. Terry also pointed out that the right of passage referred to in LSA-C.C. art. 701 is clearly a predial or landed servitude which therefore remains the same regard *884 less of changes in ownership of the estates owing or due the servitude. LSA-C.C. arts. 646, 647, 653 and 654.
We are convinced that in the instant case a predial servitude of passage exists as to plaintiff’s property through the operation of LSA-C.C. art. 701. The burdened estates are those of Mr. Savoie and defendant Richard. All three of these owners have been aware of the existence and exercise of this servitude of passage. Defendant Richard has made no allegation of prescription for nonuse. It is noteworthy that, although Mr. Richard denies plaintiff a right of passage on his land, he himself claims a right of passage on the land of Mr. Savoie; defendant Richard, like plaintiff Patin, having an enclosed estate. Mr. Richard testified as follows:,
“In my deed it said I got a right to pass on Mr. Savoie, I got a right-of-way, he owe me a right-of-way. I mean, it show on the deed.” (TR. 163).
An examination of Mr. Richard’s, deed, introduced into evidence as P-8, at TR. 13 and 14 shows that the right to pass or right-of-way that he claims is not in his deed. His right of passage, like that of plaintiff Patin, exists only through the operation of LSA-C.C. art. 701. What defendant Richard denies to plaintiff he claims himself from Mr. Savoie; any right of passage belonging to defendant Richard would belong equally to plaintiff.
The trial court felt that Mr. Savoie was a necessary party to this suit. This view is supported by the case of Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970). However, that case was concerned with LSA-C.C. arts. 699 and 700. The servitude with which we are concerned in LSA-C.C. art. 701 differs in several respects from that in the two preceding articles. The right given in LSA-C.C. art. 701 is given gratuitously and does not require the indemnification mentioned in LSA-C.C. art. 699. More important, we think, is the fact that LSA-C.C. arts. 699 and 700 are concerned with fixing a right of passage where there has been none before. LSA-C.C. art. 701 concerns the situation we have here where a right of passage has been exercised in the past and exists as a matter of law even when the land “. . . has not been sold or transferred with the rights of servitude.” LSA-C.C. art. 701. Here also the owner of the land “. . . upon which the right of passage was before exercised, is bound to furnish ... a passage .” (emphasis ours). Since Mr. Savoie has always recognized the right of passage of his two neighbors to the south, it would be a pointless thing to make him a party to this suit. It would cause Mr. Savoie trouble and expense -to no purpose and might add another brand to the flame of contention between these neighbors. Since this servitude already exists as a matter of law, the only one who should be a necessary party is the one who contests the servitude and that is defendant Richard.
While it may be true that the driveway causes Mr. Richard some inconvenience, he admitted that:.
“Well, it was going all right until they start parking and stay parked. They did-n’t just pass. If they would’ve passed and go on their land and park there, it was all right. I would never have said nothing, I would let them use the road —that passing, I mean.” (TR. 145).
Further, when Mr. Richard bought his land the right of passage existed and he was aware of it. As he stated, he would not have bought the property if it had not had a right of way across Mr. Savoie’s land and the Patins were using the right of way across his land “. . . since I bought that land.” (TR. 155). It is not a case of his property being burdened with a right of way of which he was unaware when he acquired it.
We realize that the record shows some lack of cooperation by the Patins and their guests. Recognizing that plaintiff has a right of passage under LSA-C.C. art. 701 does not give him the right to block Mr. Richard’s driveway and other *885 wise hinder Mr. Richard’s enjoyment of his property. If the Patins do not refrain in the future from such activities, defendant Richard could ask that the location of the servitude be changed as provided by LSA-C.C. art. 703 in order to make it less inconvenient to him.
It is necessary to reverse the judgment of the trial court and to recognize a passage. Bandelin v. Clark, 7 La. App. 64 (La.App. 1 Cir. 1927). The Civil Code indicates that a way must be provided for both pedestrian and vehicular passage. LSA-C.C. art. 702; Bourg v. Audubon Park Commission for City of New Orleans, supra. Defendant’s lot is small and we believe the passage should be as narrow as could be safely traversed by one automobile. The legal maximum width of an automobile in this state is 96 inches (or eight feet). LSA-R.S. 32:381. We conclude that a passage of twelve feet would be reasonable under the circumstances.
Accordingly, for the reasons assigned it is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Austin J. Patin, and against the defendant, Dennis S. Richard, recognizing a servitude of passage along the west twelve feet of defendant’s property as ■ hereinabove described.
Under the particular circumstances of this case we believe that it would be appropriate to tax all costs half against plaintiff, Austin J. Patin, and half against defendant, Dennis S. Richard, and it is so ordered.
Reversed and rendered.
FRUGÉ, J., concurs in decree.
DOMENGEAUX, J., dissents and assigns .written reasons.