487 So.2d 120 (1986)
WHITNEY NATIONAL BANK OF NEW ORLEANS
v.
POYDRAS CENTER ASSOCIATES, A Louisiana Joint Venture.
No. CA 4226.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Rehearing Denied May 15, 1986.
Bat P. Sullivan, Jr., Jerry A. Brown, James R. Morton, Andrew S. Zengel, Monroe & Lemann, New Orleans, for appellant.
Danny G. Shaw, David J. Krebs, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for appellee.
Before CIACCIO, BYRNES and WILLIAMS, JJ.
CIACCIO, Judge.
Plaintiff, Whitney National Bank of New Orleans (hereafter referred to as "Whitney Bank") appeals from a judgment of the district court which granted the defendant, Poydras Center Associates (hereafter referred to as "Poydras Center") a motion for partial summary judgment and dismissed the plaintiff's suit for declaratory judgment. We affirm the judgment of the district court.
This controversy involves a contest, by adjacent landowners, concerning a servitude *121 of passage over a tract of land located between their respective properties.
On June 18, 1908 the Times Democrat Publishing Company sold to The Metropolitan Bank Lot F of Square 174 and also granted Metropolitan a right of passage over Lot E of that Square, which consisted of an area approximately 26 feet wide. The right of passage was embodied in the Act of Sale (herein known as the "Davey Act") which reads in pertinent part:
"A certain piece or portion of ground situated in the First District of this City in Square No. 174 bounded by Camp, Poydras, Church and North Sts. forming the corner of Poydras and Camp Sts. and measuring sixty feet front on Camp St. by one hundred forty nine feet and ten inches in depth and front on Poydras St. sixty feet front on Church St. and one hundred and forty nine feet and eleven inches on the side lines opposite Poydras St. along an alley common to said property and the property belonging to the present vendor in said square, the whole as fully shown on a sketch made by Daney and Waddill, Civil Engineers and Surveyors on Jan. 30, 1906, hereto annexed as part hereof.
Said Metropolitan Bank to have the right to use the aforesaid common alley with the right to have opening thereon, which alley is fully shown and described on the annexed sketch measuring twenty six feet nine inches and six lines front on Camp St. with the same front on Church St.
Being the same property acquired by the Times-Democrat Publishing Company from Mrs. Widow Jno. Gauche as per act before Chas. T. Soniat, Not. Pub. on Feb. 20th, 1905, registered in C.O.B. 201, fo. 319.
It is however distinctly understood and agreed that the alley is to be no thoroughfare except to the Metropolitan Bank but to belong absolutely to the Times-Democrat Publishing Company, which reserves and shall always have the right to build on and over said alley up to within five feet of the property herein sold to the Metropolitan Bank."
* * * * * *
"To have and to hold the above described property unto the said purchaser, its heirs and assigns forever."
On May 11, 1914 the Times Democrat Publishing Company sold lots T-D and E to the Times Picayune Publishing Company, Act included the subject right of passage.
In 1919 the Times Picayune Publishing Company began construction of a building which was completed in November, 1920. The building occupied all of lots T-D and all of lot E up to within 5 feet of lot F, and the building remained in that position until 1980.
On October 1, 1920, the Metropolitan Bank, now known as Pan-American Bank and Trust Company, conveyed all of its assets and liabilities, including lot F, and its right of passage over lot E of Square 174 to Whitney Central Savings Bank.
On November 25, 1980 the Times Picayune Corporation sold lots T-D and E of Square 174 to the Poydras Center Management Co. On April 15, 1981, the Poydras Management Co. sold lots T-D and E of Square 174 to Poydras Center Associates. In June 1981 the building which had been constructed by the Times Picayune Publishing Company on that property was demolished.
On October 15, 1981 the Whitney Bank informed the Poydras Center Associates that it reserved its rights to use the entirety of lot E of Square 174.
Within a year of the demolition of the Times Picayune building, Poydras Center Associates constructed a 27 story office complex on the land formerly occupied by the Times Picayune building, that is, on lots T-D and E up to within 5 feet of lot F of Square 174.
On April 26, 1933 the Whitney Central Trust and Savings Bank, known then as the Whitney Trust and Savings Bank conveyed all of its assets and property, including Lot F of Square 174 and the right of passage *122 over lot E to the Whitney National Bank of New Orleans.
On March 23, 1984 Whitney Bank filed this suit for declaratory judgment seeking to be recognized as the grantee of a servitude of passage over the entirety of lot "E" and to prevent Poydras Center from interfering with or obstructing its right of use of the servitude.
The plaintiff contends that the trial court erred in granting the summary judgment thereby extinguishing its right to enforce its claimed servitude of passage.
The mover is entitled to a summary judgment in its favor if the pleadings, depositions, answers to interrogatories and admissions of fact show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966. Industrial Sand and Abrasive, Inc. v. Louisville & Nashville Railroad Co., 427 So.2d 1152 (La., 1983).
In this case there is agreement as to the facts, but a dispute exists as to the legal effect of those facts. At the center of the dispute is the interpretation of the Davey Act.
Plaintiff contends that the right reserved in the Davey Act to build on and over the alley up to within five feet of the adjacent property was a personal right reserved to the Times Picayune Publishing Co. only and that it did not pass to their successor in title, Poydras Center. Plaintiff further contends that the confirmation of the servitude of passage in the subsequent transfers of lot E created a stipulation pour autrui for its benefit. Finally, plaintiff argues that since the defendant was placed on notice of its intention to exercise its right of passage over the entirety of lot E of Square 174 prior to defendant's construction of its building, the construction of a building covering twenty-one feet of lot E did not extinguish Whitney's servitude.
In response, the defendant contends that the reservation in the Davey Act of a right to build on all but 5 feet of Lot E was not personal to the Times-Democrat, but was a real right inherent in the ownership of Lot E. Poydras Center further contends that the construction of the Times Picayune building over all but five feet of lot E extinguished the servitude over all but five feet of lot E due to the tacit renunciation of the adjacent landowner and by acquisitive prescription.
Since we agree with the defendant's contention that the Davey Act created a real right inherent in ownership, we do not address the alternative arguments raised by these contesting parties.
There exist two kinds of servitudes: personal and real. C.C. art. 646 of 1870. Real servitudes are also referred to as predial servitudes. C.C. art. 646 of 1870. Personal servitudes are a charge on a thing for the benefit of a person. C.C. art. 646 of 1870. Predial servitudes are a charge on a servient estate for the benefit of a dominant estate where the two estates belong to different owners. C.C. arts. 646, 648-650 of 1807. Predial servitudes may be created by juridical act, (See: C.C. art. 654); and are thus conventional servitudes. Personal servitudes terminate with the life of the person for whose benefit it was established. C.C. art. 646 of 1807. Predial servitudes are a charge upon the land, and thus follow it even when there is a change in its ownership. See: C.C. art. 646 of 1870; McLure v. Alexander Golf & Country Club, Inc., 344 So.2d 1080 (La. App., 3rd Cir., 1970).
If the act establishing the servitude does not specify if it is for the benefit of the estate itself, or solely for the benefit of the owner of the estate, it must be determined whether the right is a real advantage to the estate, or merely a personal convenience to the owner in order to determine if the servitude is personal or predial. C.C. arts. 755 and 756 of 1870.
In this case the following language created the servitude:
* * * * * *
Said Metropolitan Bank to have the right to use the aforesaid common alley ...
* * * * * *

*123 It is however distinctly understood and agreed that the alley is to be no thoroughfare except to the Metropolitan Bank but to belong absolutely to the Times Democrat Publishing Company, which reserves and shall always reserve and shall always have the right to build on and over said alley up to within five feet of the property herein sold to the Metropolitan Bank.
* * * * * *
To have and to hold the above described property unto the said purchaser, its heirs and assigns forever.
The language of the Act is clear and unambigious. It created a right of passage, reserving unto the grantor's estate the right to build upon a portion of the land, resulting in a charge on the servient estate (i.e. Times Democrat's land) for the benefit of the dominant estate (i.e., Metropolitan Bank's land.) It matters not that the language of the Act was couched in personal terms, for the right created was a real advantage to the dominant estate and the reservation of the right to build was likewise a real advantage to the servient estate.
Although appellant cites the cases of Mallet v. Thibault, 212 La. 79, 31 So.2d 601 (1947), Cambais v. Douglas, 167 La. 791, 120 So. 369 (1929); Deshotels v. Fruge, 364 So.2d 258 (La.App., 3rd Cir., 1978); Thornburg v. McMillin, 392 So.2d 1119 (La.App., 3rd Cir., 1980) writ denied 399 So.2d 599 (La., 1981); Bossier Center, Inc. v. B & B System, 388 So.2d 826 (La.App., 2nd Cir., 1980) and LeBlanc v. Palmisano, 43 So.2d 263 (La.App., Orl., 1949), in support of its claim that the reservation of the right to build on Lot E was personal to the Times-Democrat, our review of those cases shows that they are distinguishable on the facts or involve personal obligations imposed on vendees to do or not to do certain things in connection with their properties. These cases are not persuasive in this appeal.
We find, therefore, that the Davey Act created a predial servitude which was subject to a resolutory condition. C.C. art. 821 of 1870. As a predial servitude, the right (of passage) flowed with the land and inured to the benefit of the grantee's successors, which includes the plaintiff, and the resolutory condition (right to build) likewise flowed with the land and inured to the benefit of the grantor's successor, which includes the defendant. The occurrence of the condition, namely, the building on lot E of Square 174 up to within five feet of its boundary by the defendant, extinguished the plaintiff's servitude over that portion of lot E. C.C. art. 821 of 1870. Yiannopoulos, Louisiana Civil Law Treaties, Vol. 4 Sec. 172 (1983) citing 3 Planiol et Ripert, Traite' pratique di droit civil francais 981 (2d et Picard 1952.)
Accordingly, as a matter of law, Poydras Center was entitled to a judgment on its motion for summary judgment, for the servitude claimed by the plaintiff over the disputed portion of lot E of Square 174 no longer exists.
For the reasons assigned the judgment of the district court granting defendant's motion for summary judgment is affirmed at appellant's costs.
AFFIRMED.
WILLIAMS, J., dissents with reasons.
WILLIAMS, Judge, dissenting.
I respectfully dissent.
Based upon the language contained in the Davey Act, I interpret the Act as creating a personal, not predial, servitude. The servitude, therefore, was not extinguished by the 1920 construction.