HALL, Judge.
At issue on plaintiff’s appeal in this suit between the surviving husband (plaintiff) and the heirs of the deceased wife (defendants) is the correctness of a judgment of the district court holding that the community formerly existing between the husband and wife is indebted to the wife’s separate estate for $4,130, representing the value of the wife’s separate funds or property expended as part of the consideration paid for a lot purchased during the existence of the community. We affirm the judgment of the district court.
The husband and wife purchased the lot after their marriage for a stated cash con *114 sideration of $4,400. They later built a home on the lot in which they lived until the wife’s death, and in which plaintiff still lives.
By the testimony of an employee of the vendor and records of the vendor, defendants established that $4,130 of the consideration for the lot was attributable to the reconveyance to the vendor of another lot sold to the wife prior to her marriage to plaintiff. Title to the other lot was in the names of the wife’s parents for convenience, but the wife had actually paid for the lot with $4,130 of her separate funds.
Plaintiff-appellant contends that the trial court erred in admitting parol evidence to show the character of the funds used to purchase the lot, arguing that the best evidence of the consideration paid is the deed itself and citing LSA-C.C. Art. 2276.[1] Plaintiff further contends the evidence, even if admissible, is insufficient to overcome the presumption that community funds were used.
A well-established exception to the rule of LSA-C.C. Art. 2276 is that parol evidence is admissible to show the true consideration for a sale and specifically to show that separate funds of the wife were used as all or part of the consideration for property acquired during the existence of the community. Blalock v. Blalock, 259 So.2d 367 (La.App. 2d Cir. 1972); Primeaux v. Libersat, 307 So.2d 740 (La.App. 3d Cir. 1975), reversed in part on other grounds 322 So.2d 147 (La.1975). See Southwest Natural Production Company v. Anderson, 239 La. 490, 118 So.2d 897 (1960). If the wife contributes her separate funds under her separate administration as part of the purchase price of community property, the community is indebted to the separate estate of the wife to the extent of the funds or value of separate property so expended. Succession of Schnitter, 220 La. 323, 56 So.2d 563 (1951); Succession of Miangolarra, 297 So.2d 784 (La.App. 4th Cir. 1974).
The testimony of the vendor’s employee and the business records of the vendor constitute adequate evidence to rebut the presumption that community funds were used. The only contradictory evidence was plaintiff’s own self-serving testimony, which itself is not clear. Receipts offered into evidence by plaintiff related to expenses of building the home, not to payment of the purchase price.
The evidence was properly admitted and convincingly established that part of the consideration for the purchase of the lot was attributable to the separate property of the wife which was conveyed to the vendor. Since community funds were also used as part of the consideration for the lot which was purchased in the names of both husband and wife and was to be used for community purposes, the lot is community property. Neither side contends otherwise on appeal. However, the community is indebted to the wife’s separate estate for that part of the consideration paid from her separate funds or property.
The judgment is affirmed at appellant’s costs.
Affirmed.

. LSA-C.C. Art. 2276 provides:
Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.